SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. B. A. SAGE.

No. 1393.   Decided February 6, 1905.

**1.—Charge—Negligence—Conflict.**

An instruction erroneous because authorizing verdict against defendant on the ground of negligence by its servant, of which negligence there was no evidence, held not cured by other portions of the charge in conflict therewith.   (Pp. 440, 441.)

**2.—Negligence—Inspection of Railway Track—Competency of Servant.**

The duty of a railway company to make due inspection of its tracks, is not met by inspection with ordinary care by a section foreman, without regard to his competency for the purpose. Requested charge held erroneous for ignoring this principle, and also as not justified in view of the character of inspection shown by the evidence.   (Pp. 441, 442.)

Error to the Court of Civil Appeals for the Second District.

The railway company obtained writ of error upon the affirmance, on its appeal, of a judgment recovered against it by Sage.

*H. E. Hoover* and *J. W. Terry,* for plaintiff in error.—It was error to charge the jury as to the law applicable to an issue not before the court. The law requires the charge to be confined to the issues raised by the pleadings and sufficiently supported by the evidence to become a question of inquiry on the part of the jury. A charge embracing a question of negligence not contained in pleadings or supported by the evidence, is reversible error. Houston & T. C. Ry. Co. v. Terry, 42 Texas, 451; Texas & P. Ry. Co. v. French, 86 Texas, 98; Loving v. Dixon, 56 Texas, 79; Houston E. & W. T. Ry. Co. v. Powell, 41 S. W. Rep., 695; Gulf, C. & S. F. Ry. Co. v. Pool, 10 Texas Civ. App., 682.

The law does not require the defendant to have and maintain its roadway reasonably safe. It only requires that it shall exercise ordinary care to keep it in that condition. Defendant having pleaded and adduced testimony to show that it had exercised reasonable care and diligence to keep its roadway in reasonably safe condition for use, was entitled to have that issue clearly and affirmatively submitted to the jury, as applied to the facts in the case. Galveston, H. & S. A. Ry. Co. v. Gormly, 91 Texas, 399; Gulf, C. & S. F. Ry. Co. v. Beall, 43 S. W. Rep., 605; Missouri, K. & T. Ry. Co. v. McGlamory, 89 Texas, 637; Gulf, C. & S. F. Ry. Co. v. Shieder, 88 Texas, 166; Western U. Tel. Co. v. Andrews, 78 Texas, 307.

*Veale & Hendricks* and *C. Coffee,* for defendant in error.—First. Paragraph 12 of the court's charge, taken in connection with other parts of same, and especially paragraphs 7 and 9, clearly told the jury that before the plaintiff could recover they must find that the defendant was guilty of negligence in failing to have its roadbed and track in a reasonably safe condition, and no complaint can be made of any error in the submission of an issue, a finding on which was not essential to plaintiff's right to recover. Second. If there was error in the twelfth paragraph same was harmless, and reading said paragraph in connection with the other part of the charge, no injury could have resulted to defendant. Third. Though a charge is erroneous, yet the court will not direct a reversal where it is clear that no injury could have resulted. Fourth. The negligence of Zook was pleaded by the defendant and a special charge asked by it concerning the negligence of the said Zook, and therefore it can not complain of the issue with reference to Zook's negligence as submitted by the court. Texas & P. Ry. Co. v. Wright, 62 Texas, 515; St. Louis & S. F. Ry. Co. v. McClain, 80 Texas, 95; Texas & P. Ry. Co. v. McCoy, 90 Texas, 264; Gulf C. & S. F. Ry. Co. v. Duvall, 12 Texas Civ. App., 348; Houston E. & W. T. Ry. Co. v. Runnels, 46 S. W. Rep., 394; Gulf C. & S. F. Ry. Co. v. Lankford, 88 Texas, 499.

BROWN, Associate Justice.—Sage instituted this suit in the District Court of Roberts County to recover of the railroad company for

injuries sustained by him in a wreck upon its railroad while he was acting as engineer of a foreign railroad corporation but operating his engine over the road of the plaintiff in error under its direction and control. The negligence upon which he relied for recovery consisted in a failure to keep its roadbed in reasonably safe condition for operating locomotives and trains thereon. The negligence in this particular was properly and specifically alleged in the petition, but it is unnecessary to state it here as no question arises upon the pleading. Defendant pleaded the general denial, contributory negligence on the part of Sage, which was alleged to consist in running his train backwards at high rate of speed, and assumed risk, particularly specified in the answer. It was also alleged that if the plaintiff's injuries were caused by the negligence of any servant or agent of the defendant, it was caused by the negligence of engineer Zook, who was operating another locomotive attached to the same train and who was alleged in the answer to be the fellow servant of the plaintiff. Trial was had before a jury, who returned a verdict for $11,500, and the District Court entered judgment in accordance therewith, which judgment was by the Court of Civil Appeals affirmed.

The plaintiff in error complains of the following clause of the twelfth paragraph of the court's charge: "Yet if you find from the evidence engineer Zook was negligent in operating his engine at the place where the train was wrecked, and he at said point did not exercise ordinary care in operating his said engine, and that said negligence and failure to exercise ordinary care caused the wreck of the tracks and the injury to the plaintiff, you will find for the plaintiff." The ground of objection to this charge is that there was neither pleading nor evidence upon which to submit the issue to the jury. It is admitted by counsel for defendant in error that there was no evidence which tended to show that Zook was negligent on that occasion. It is therefore unnecessary for us to examine the question of pleading, because in the absence of evidence the charge was positive error committed on a material issue and must cause the reversal of the judgment unless the claim of the defendant in error, that it was rendered harmless by other portions of the charge, can be sustained. Immediately following the clause above copied is this language: "But in this connection, though you may find that the train would not have been wrecked but for the negligence and want of the exercise of ordinary care by Zook, yet before you can find for plaintiff under this paragraph you must find also that it would not have been wrecked if the track had been in a reasonably safe condition, and you must find that it was in bad repair, worn or defective, and that the defendant company had not exercised ordinary care in keeping and maintaining the track in a reasonably safe state to operate engines and trains over it." It is difficult to understand what the court intended to express by the last clause quoted, for if the railroad company was responsible on account of the negligence

of Zook, then the fact that its roadbed was in good condition certainly would not have exempted it from liability for Zook's negligence. If the railroad company was not liable for the negligence of Zook, certainly the bad condition of the track would not render it liable for his negligence. With such a positive and explicit charge to find for the plaintiff if they found Zook to be negligent, the jury would not be likely to disregard what they believed to be a ground of recovery on account of such an ambiguous and uncertain qualification. The greatest effect that could be given to the qualification would be to regard it as being contradictory to that which had preceded, which would not cure the error of the preceding clause. Missouri K. & T. Ry. Co. v. Rogers, 89 Texas, 680; San Antonio & A. P. Ry. Co. v. Robertson, 73 Texas, 284; International & G. N. Ry. Co. v. Welch, 86 Texas, 207.

The defendant in error likewise claims that the clause of the charge complained of was rendered harmless by a number of expressions in the main charge, wherein the jury were informed that they could not find for the plaintiff unless they found that the roadbed was defective; but the same answer applies to all of these that is given above—at most they are contradictions of that which the court explicitly charged with regard to Zook's negligence, and a jury can not be required to harmonize conflicting charges. It is the duty of a court to admit only evidence that is material to the issue presented, and to direct the jury as to the law applicable to each issue presented, and the jury are justified in concluding that the court considers that there is evidence sufficient to sustain a finding upon each issue presented and to take as the law the explicit directions by the court. We can not undertake to say that the jury did not in this case find a verdict based upon the negligence of Zook—which of the conflicting charges was followed we can not tell. The judgment must be reversed.

Plaintiff in error presented a number of objections to the charge of the court as well as some objections to the ruling of the court in admitting testimony to the jury, but we deem it unnecessary to discuss any of them except the one in which it is charged that the court erred in refusing to give the seventh special charge requested by the plaintiff in error, which reads as follows "That if you find from the evidence in this case that the defendant's section foreman on the evening before the wreck passed over the track and examined it for the purpose of seeing if any defects existed in it and that he used ordinary care in making such examination, and from such examination found no defects therein and had reasonable grounds to believe that the same was in reasonably safe condition, and did so believe, then you are charged that the defendant had performed its duty to the plaintiff." We understand the law to be that the duty of inspection is an absolute duty which the master must perform or cause to be performed in an efficient manner. The charge was not justified by the evidence. To excuse itself from liability in such case on the ground that it had caused proper inspec-

tion to be made, the company must prove that the inspection was made by a competent person and with such care as an ordinarily prudent man would exercise under like circumstances. Durkin v. Sharp, 88 N. Y., 225. In the case cited this charge was refused: "That if the jury believe the track had been inspected within a reasonable time prior to the accident, by a competent inspector of the defendant, and had been by him adjuged to be in safe condition, the plaintiff can not recover." The court said: "The inspection of the track was a duty of the master. Had such duty been carelessly and negligently performed, even by a competent inspector, the master would still be liable. To excuse him from liability the track must have been carefully inspected by a competent inspector. The request, as framed, omits one of the elements essential to such an inspection as would have exonerated the defendant, and was properly refused for this reason." In this case the element of competency of the inspector was omitted from the charge. An inspection, however carefully made, will not exonerate the master unless it be made by a competent person authorized to represent him,—this duty must be performed by him or by a competent person authorized to do the work.

If the charge had been correctly framed we believe it would not have been appropriate to the facts. The evidence shows that the rails had been in use sixteen or seventeen years—which was about "the life" of a rail on curve—and that the rails were worn on the inside. Under such circumstances the proof which would excuse the railroad company from liability should show a more careful inspection than the evidence in this case discloses. Humphreys testified: "I examined that portion of the track the evening before the wreck. I came along over the track and noticed that curve. * * * I examined it as I went over in the morning and as I came back in the evening about 5:30 p. m." This evidence tends to prove a careless inspection rather than such as the law requires. The charge was properly refused.

The judgments of the District Court and of the Court of Civil Appeals are reversed and the cause remanded.

<em>Reversed and remanded.</em>