FT. WORTH & DENVER CITY RAILWAY COMPANY v. W. J. DAILEY.

Decided April 25, 1908.

**Railroad—Foreign Car—Duty of Inspection.**

 In a suit by a brakeman against a railroad company for personal injuries received in a fall from a freight car, caused by a defective grab-iron, it appeared from the evidence that the car was a foreign car, and had not been inspected by defendant before being incorporated in its train. The court charged the jury that it was the duty of the defendant company to have inspected the car in question. Held, harmless error in the present case, if error at all.

Appeal from the District Court of Montague County. Tried below before Hon. Clem B. Potter.

*Spoonts, Thompson & Barwise* and *J. M. Chambers,* for appellant.— It is negligence to fail to inspect a car, only when under the same or similar circumstances an ordinarily prudent person would have made an inspection, and it was not negligence per se for defendant to have failed to inspect this Frisco car passing over its line, as the jury was instructed by the charge. Texas & P. Ry. Co. v. Murphy, 46 Texas, 356; Harwell v. Southern Furniture Co., 75 S. W., 52; Galveston, H. & S. A. Ry. Co. v. Briggs, 23 S. W., 503; Houston & T. C. Ry. Co. v. Wilson, 60 Texas, 142; Texas & P. v Hill, 71 Texas, 451.

*Levi Walker* and *Wolfe, Hare & Maxey,* for appellee.—The duty of making such inspection of cars operated by it as an ordinarily prudent person would make, is one imposed upon appellant by law. The court correctly instructed the jury in the fifth paragraph of its charge. Eddy v. Prentice, 8 Texas Civ. App., 58; Missouri, K. & T. Ry. Co. v. Harris, supra; International & G. N. Ry. Co. v. Hernan, 78 Texas, 295; Jones v. Shaw, 41 S. W., 693; Southern Kan. Ry. Co. v. Sage, 84 S. W., 815.

The railway company is bound to use the same care as to all cars used upon its line. The fact that the car in question was a foreign car is immaterial. It was the duty of appellant to inspect it just as it was to inspect its own cars. Gulf, W. T. & P. Ry. Co. v. Wittnebert, 104 S. W., 426; Missouri, K. & T. Ry. Co. v. Harris, supra; International & G. N. Ry. Co. v. Hernan, 78 Texas, 295; Jones v. Shaw, supra.

STEPHENS, ASSOCIATE JUSTICE.—Appellee, a brakeman in the service of appellant, was severely injured in a fall from a car, due to the breaking of a grab-iron, on account of which he recovered a verdict and judgment in the sum of eight thousand dollars, from which this appeal is prosecuted. The car with the defective grab-iron was a foreign car which had been incorporated in appellant's train at Wichita Falls

without proper inspection, although appellant kept an inspector at that place for the purpose of inspecting such cars, and it was the rule for such cars to be inspected at that place when received by appellant for further transportation.

The first complaint made, worthy of notice, is of the following charge: "The defendant railway company is not an insurer of the safety of its cars and grab-irons, but it is its duty to exercise ordinary care to have same in a reasonably safe condition for its employes to use in the discharge of the duties required of them, and to this end it was its duty to inspect the car in question, though it may have belonged to another company, and to make such inspection thereof as an ordinarily prudent person would make under the same or similar circumstances." And particularly of the following clause of the charge: "and to this end it was its duty to inspect the car in question." The first counter proposition of the appellee is that the duty of making an inspection of cars received from another road is an absolute duty, in support of which the opinion of Justice Brown in Southern Kan. Ry. Co. v. Sage, 98 Texas, 438, as well as other cases, is cited. But, whether this is maintainable or not, we are of opinion that there is no room for a difference of opinion as to the duty of appellant in this instance to have inspected the car in question. So that, if the charge should be held to be technically erroneous, it was harmless.

The only remaining assignment complains of the sufficiency of the evidence to sustain the verdict, but we think a clear case of liability was shown. The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.