### BAKER v. MAGEE et al.

(Court of Civil Appeals of Texas. March 11, 1911. Rehearing Denied April 15, 1911.)

1. HOMESTEAD (§ 175*)—EXEMPTIONS—ABANDONMENT.

After a homestead is abandoned, it is subject to levy and sale as other property, though the owner has not acquired another homestead at the time of the levy.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 341, 343; Dec. Dig. § 175.*]

2. TRIAL (§ 296*) — CONFLICTING INSTRUCTIONS.

Where it is impossible to determine whether the jury were controlled by a correct or an erroneous instruction on the same subject, error in the latter is reversible.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713; Dec. Dig. § 296.*]

3. HOMESTEAD (§ 181*)—ABANDONMENT—BURDEN OF PROOF.

In trespass to try title, in which plaintiff claimed under an attachment sale property

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

claimed by defendant to have been his homestead, the burden was upon plaintiff to show that defendant had abandoned the land as a homestead before the levy.

[Ed. Note.—For other cases, see Homestead, Cent. Dig. §§ 351–353; Dec. Dig. § 181.*]

Appeal from District Court, Jones County; C. C. Higgins, Judge.

Action by W. C. Baker against M. H. Magee and others. From a judgment for defendants, plaintiff appeals. Reversed and remanded.

Thomas & Chapman, for appellant. Walter S. Pope, for appellees.

DUNKLIN, J. W. C. Baker sued M. H. Magee and wife in trespass to try title to recover 30 acres of land, and, from a judgment in favor of defendants, he has appealed.

In another suit by Baker against M. H. Magee for debt, the lien created by the levy of a writ of attachment on the land had been foreclosed, and the property then sold to Baker by virtue of an order of sale issued on the judgment. The only defense offered by defendants in the present suit was that the property was their homestead and therefore exempt from the sale. Prior to the levy, defendants had occupied the property as a homestead, but had moved therefrom to other property purchased by them, and the only controverted issue upon the trial was whether or not the property in controversy had been abandoned as a homestead prior to the levy.

The third paragraph of the court's charge to the jury reads: "A homestead once acquired by a family remains their homestead and is not subject to an attachment, execution, or order of sale, until it is abandoned as such by the owners with the intention not to return to the place as a homestead and a new homestead is acquired."

[1] It is well settled by the authorities that, when a homestead is abandoned, it is then subject to levy and sale the same as other property, even though the owner has not acquired another homestead at the time of the levy, and, as the instruction quoted was in contravention of this principle, it was erroneous.

[2] Appellees insist that the error, if any, in giving the instruction quoted, was cured by other instructions given at appellant's request; but, as it is impossible to determine whether the jury was controlled by the one instruction or the other, the error pointed out will require a reversal of the judgment. S. K. Ry. Co. of Tex. v. Sage, 98 Tex. 441, 84 S. W. 814; M., K. & T. Ry. v. Rodgers, 89 Tex. 680, 36 S. W. 243, and authorities there cited.

Other assignments are submitted in appellant's brief which raise substantially the same question as that noted above, and it is unnecessary to discuss them in view of what we have said already.

[3] The jury were instructed that the burden of proof was upon appellant to show that appellees had abandoned the land in controversy as a homestead prior to the levy, and we think this charge was correct. Graves v. Campbell, 74 Tex. 579, 12 S. W. 238; Gaar, Scott & Co. v. Burge, 110 S. W. 183.

For the error indicated, the judgment is reversed, and the cause remanded.