SMITH v. INTERNATIONAL & G. N. R. CO.

(Court of Civil Appeals of Texas. Galveston. May 25, 1911.)

CARRIERS (§ 159*)—CARRIAGE OF GOODS—LIMITATION OF LIABILITY—NOTICE OF CLAIM—STATUTES—CONSTRUCTION.

Under Rev. St. 1895, art. 3379, as amended by Laws 1907, c. 129, providing that no stipula-

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

tion in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall be valid, unless such stipulation is reasonable, and that one fixing the time for notice at a period less than 90 days shall be void, a stipulation in a bill of lading that a railroad company shall not be liable, unless notice of claim for loss or damage shall be given within 90 days after such loss shall occur. is void, because the statute gives the claimant full 90 days as the shortest time within which he may contract to present his claim, and any abridgment annuls the contract; while the stipulation in this case requires notice to be given before the expiration of 90 days.

[Ed. Note.—For other cases, see Carriers, Dec. Dig. § 159.*]

Appeal from Montgomery County Court; C. W. Nugent, Special Judge.

Action by O. A. Smith against the International & Great Northern Railroad Company. From a judgment for plaintiff in the justice court, defendant appealed to the county court, where judgment was rendered for defendant, from which plaintiff appeals. Reversed and remanded.

S. A. Crawford, for appellant. John M. King, R. S. Shapard, and Kayser & Williams, for appellee.

McMEANS, J. This suit was instituted in the justice. court of Montgomery county by O. A. Smith against the International & Great Northern Railroad Company, the Texas & Pacific Railway Company, and the Missouri Pacific Railroad ·Company to recover $105, as damages to a shipment of 60 crates of cabbage made by plaintiff from Willis, Tex., on or about June 9, 1906, to Peycke Bros. Commission Company of Kansas City, Mo. Plaintiff alleged that the defendants agreed to properly transport said cabbage in an A. R. T. refrigerator car and keep same properly iced and failed to do so, and that the cabbage arrived at destination without ice, whereby the consignment was damaged.

The suit was tried in the justice court September 7, 1907, and judgment rendered for plaintiff for $105 against the International & Great Northern Railroad Company. From this judgment, said railroad company appealed to the county court of Montgomery county. In the county court plaintiff took a nonsuit against all the defendants, except the International & Great Northern Railroad Company. This company filed its written answer in the county court, consisting of general and special exceptions, general denial, contributory negligence ·of plaintiff, and a special plea setting up the provisions in the bill of lading limiting its liability to its own line, and a special plea under oath setting up certain provisions in the bill of lading, or shipping contract, stipulating that no suit or action against it for recovery of any claim arising from the loss of or damage to the contents of any package shipped under said bill of lading should be sustained by any court of law, unless notice of said claim of loss or damage should be given the railroad company within 90 days after such damage should occur; that no such notice of claim for loss or damage was given; and that more than 90 days had elapsed after the alleged injury before the suit was filed.

The case was tried before a jury, and after the testimony on both sides was closed, the jury, under instructions from the court, returned a verdict against the plaintiff and in favor of the railroad company, upon which a judgment, in accordance therewith, was duly entered, and from which the plaintiff, Smith, has appealed.

The court charged the jury as follows: "The undisputed evidence in this case 'having shown that no notice of any claim for loss or damage to the cabbage shipped was made to the defendant International & Great Northern Railway Company, the party issuing the bill of lading, within 90 days from the date of the said damage as alleged in plaintiff's pleadings, the plaintiff is precluded from recovery herein. You are therefore instructed to return a verdict for the defendant International & Great Northern Railway Company; and, the plaintiff having dismissed as to the Texas & Pacific Railway Company and the Missouri Pacific Railway Company, you will let your verdict read: 'We, the jury, find for the defendant.'" The giving of this charge is made the basis of appellant's first assignment of error.

The provisions of the bill of lading, pleaded by appellee, are as follows: "It is furthermore hereby and herein expressly stipulated and mutually agreed that no suit or action against this company for recovery of any claim arising from the loss of or damage to the contents of any package shipped under this bill of lading shall be sustained in any court of law, unless notice of such claim for loss or damage shall be given to said railway company within ninety (90) days after such damage shall occur." It was clearly proven on the trial that no such notice as above required was given within 90 days, or at any other period, and suit was not begun for the recovery of the damages until long after 90 days from the date of· the injury. It follows, therefore, that if the foregoing stipulation is not valid the charge was wrong, and the judgment of the trial court must be reversed.

The act of March 4, 1891, carried into the Revised Statutes of 1895 as article 3379, and amended in 1907 (Laws 1907, c. 129), provides: "Art. 3379. No stipulation in any contract ·requiring notice to be given of any claim for damages as ·a condition precedent to the· right to sue thereon shall ever be valid unless such stipulation is reasonable, and any such stipulation fixing the time within which ·such notice shall be given at

a less period than ninety days shall be void. * * * "

Baldwin v. Western Union Telegraph Co., 33 S. W. 890, and Western Union Telegraph Co. v. Taber, 127 S. W. 268, are cases in which damages were sought for failure of a telegraph company to promptly transmit and make timely delivery of telegrams. In both cases the defendant pleaded as a defense a stipulation printed upon the blank form upon which the message was written, which reads as follows: "All messages taken by this company are subject to the following terms. * * * The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within ninety days after the message was filed with the company for transmission"— and in both cases it was proved that the claim was not presented in writing within the 90 days. It was held that the stipulation was valid, and that the failure to present the claim within 90 days from the time of the filing of the telegram for transmission, or from the date of the execution of the contract, was a valid defense to plaintiff's suit. But in the case last cited a writ of error was granted by the Supreme Court, and in an opinion recently filed by that court (Taber v. Western Union Telegraph Co., 137 S. W. 106) article 3379 was construed, and it was there held that under a proper construction of the statute the 90-day period should be computed, not from the time the contract was entered into, but from the date the cause of action arose, and that any such stipulation fixing a shorter time than the 90 days after the cause of action arose was void, and expressly overrules Baldwin v. Telegraph Co., and reverses Telegraph Co. v. Taber. In that connection the Supreme Court uses this language: "The objection urged to the invalidity of the stipulation contained in the contract pleaded as a defense as against plaintiff's right to recover is not satisfactorily met by the suggestion that in the nature of defendant's business the right of action usually accrues on the day the message is filed; for if this was invariably true the stipulation as contained in the present contract contravenes the statute, for the reason that it requires the notice to be filed within 90 days after the filing of the message with the company, which, in effect, requires the notice to be given in a period less than 90 whole days. The statute is plain in its terms that 'any such stipulation fixing the time within which such notice shall be given at a less period than ninety days shall be void.' The provision in the contract requiring that notice shall be given *within* 90 days after the filing of the message we construe to mean that such notice shall be given before the expiration of 90 days after the filing of the message, and hence is void. The statute gives the claimant 90 full days as the short-est time to which he may be proscribed by contract in presenting his claim for damages, and any abridgment of that right annuls the contract."

Applying that decision, as we understand it, to the facts of this case, we hold that the provision contained in the contract of carriage of the cabbage, pleaded as a defense to plaintiff's suit, that no suit or action against the company for loss of or damage to the articles shipped should be sustained, unless notice of such claim for loss or damage shall be given to the company *within* 90 days after such damage shall occur, contravenes the statute, for the reason that the provision requiring that notice shall be given *within* the 90 days means that such notice shall be given before the expiration of 90 days from the time the damage occurred, and hence is void. As the Supreme Court said in the Taber Case, "the statute gives the claimant 90 full days as the shortest time to which he may be proscribed by contract in presenting his claim for damages, and any abridgment of that right annuls the contract."

It follows, therefore, that the charge complained of was erroneous, and for that reason the judgment of the court below is reversed and the cause remanded.

Reversed and remanded.