## WILKINSON v. FRALIN.

(Court of Civil Appeals of Texas. Ft. Worth. March 30, 1912. Rehearing Denied May 4, 1912.)

1. TRIAL (§§ 253, 296*) — INSTRUCTIONS—ISSUES — DEFENSES — CONFLICTING INSTRUCTIONS.

On an issue as to whether plaintiff's threshing contract with defendant was for 6 cents for oats and 12 cents for wheat, or for the customary price in the neighborhood, which defendant claimed was 5 cents for oats and 10 cents for wheat, an instruction that, if the jury believed that when plaintiff threshed defendant's grain he knew plaintiff had been charging others for whom he had threshed at about the same time 6 cents for oats and 12 cents for wheat, then plaintiff was entitled to recover at that rate was erroneous as ignoring defendant's defense; nor was the error cured by a further conflicting instruction to find according to the customary price, if the jury believed that at the time defendant engaged plaintiff to thresh his grain plaintiff agreed to charge him the customary price.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623, 705–713, 715, 716, 718; Dec. Dig. §§ 253, 296.*]

2. TRIAL (§ 253*) — INSTRUCTIONS — ISSUES—CREDITS.

Where, in an action for the price of certain threshing, there was no dispute as to a credit of $21.16, the ignoring of such credit in the court's general and special charge was error.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 613–623; Dec. Dig. § 253.*]

Appeal from Denton County Court; S. H. Hoskins, Judge.

Action by P. D. Fralin against H. B. Wilkinson. Judgment for plaintiff, and defendant appeals. Reversed, and remanded for new trial.

Joe S. Gambill and I. D. Ferguson, both of Denton, for appellant. Mays & Wilson and Hopkins & Milliken, all of Denton, for appellee.

SPEER, J. P. D. Fralin and H. B. Wilkinson disagreed over a settlement growing out of a contract under which the former threshed wheat and oats for the latter. The difference amounted to 1 cent a bushel on the oats and 2 cents a bushel on the wheat

threshed, Fralin contending that his contract called for 6 cents for oats and 12 cents for wheat, while Wilkinson insisted that the contract was to be for the customary price in the neighborhood, which he alleged to be 5 cents for oats and 10 cents for wheat. Fralin sued to recover according to his version of the contract, admitting a credit of $21.16, and Wilkinson answered, admitting liability according to his version of the contract. The judgment of the county court, to which the cause was appealed from the justice's court, was in favor of the plaintiff, and the defendant has appealed.

[1, 2] Among other things, the trial court instructed the jury as follows: "If you find and believe from a preponderance of the testimony that at the time plaintiff threshed defendant's grain defendant knew plaintiff had been charging others for whom he had threshed about the same time 12 cents per bushel for wheat and 6 cents per bushel for oats, then you will find for plaintiff 12 cents per bushel for 1,494 bushels of wheat and 6 cents per bushel for 292 bushels of oats." This clearly ignored appellant's defense, which had support in the testimony, that appellee had agreed to thresh for the customary price in the neighborhood, which was alleged to be 5 and 10 cents. If appellee made such a contract, undoubtedly he could recover no more, even though he had been charging others for whom he threshed a higher rate, and even though appellant knew of such charges. The parties were undoubtedly at liberty to make such contract as they saw fit. It is true in the succeeding paragraph the court instructs the jury to find according to the customary price, if they believed from a preponderance of the evidence that at the time defendant engaged plaintiff to thresh his grain plaintiff agreed to charge him the customary price. "The most that can be said of these charges is that they are contradictory, and in such a case the rule is to reverse, where the contradiction is vital, since it cannot be told which instruction the jury obeyed. So. Kan. Ry. Co. v. Sage, 98 Tex. 438, 84 S. W. 814." The error is intensified by the giving of the fourth special instruction requested by the plaintiff, reiterating that, if the defendant knew plaintiff's price for threshing before he threshed for him, the jury would find for the plaintiff at the rate claimed by him. Again, both the general charge and the special charge ignored the item of credit of $21.16, about which there appears to be no dispute in the evidence.

The court unnecessarily instructed the jury to disregard the tender pleaded by the defendant, since it could only affect the question of costs, with which the jury have nothing to do.

For the errors in the charge, the judgment is reversed, and the cause remanded for another trial.