FIRE ASS'N OF PHILADELPHIA v. RICH-ARDS et al.   (No. 8224.)

(Court of Civil Appeals of Texas. Ft. Worth. June 26, 1915.)

1. INSURANCE ⬥533—FIRE INSURANCE—ACCRUAL OF LIABILITY.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4874, providing that a fire insurance policy, in case of a total loss of the property insured, shall be considered a liquidated demand against the company for the full amount thereof, such a liability accrues immediately after the occurrence of the fire, regardless of stipulations in the policy for notice and proof of loss.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1320; Dec. Dig. ⬥533.]

2. INSURANCE ⬥539—FIRE INSURANCE—LIMITATIONS AS TO NOTICE OF LOSS.

Stipulations in a fire insurance policy that proof of loss must be furnished to the company within 90 days after the fire were void under Vernon's Sayles' Ann. Civ. St. 1914, art. 5714, providing that no stipulation in any contract requiring notice to be given for any claim for damages shall be valid unless reasonable, and any such stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1328–1336; Dec. Dig. ⬥539.]

3. INSURANCE ⬥622 — ACTION ON POLICY — LIMITATIONS.

A provision in a fire insurance policy that suit thereon should not be sustained unless commenced before the expiration of two years from the accrual of the cause of action, was void under Vernon's Sayles' Ann. Civ. St. 1914, art. 5713, providing that no agreement limiting the time to sue to a shorter period than 2 years shall be valid.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1540, 1544–1550; Dec. Dig. ⬥622.]

4. INSURANCE ⬥665 — ACTION ON POLICY — SETTLEMENT.

In an action on a fire policy, wherein it was contended that a settlement was obtained

by duress, evidence *held* sufficient to sustain the plea thereof.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1555, 1707–1728; Dec. Dig. ☞ 665.]

5. TRIAL ☞296—ACTION ON FIRE POLICY—INSTRUCTION—CURE.

In an action on a fire insurance policy, wherein a contract of settlement was imposed as defense, an instruction ignoring such defense was erroneous, notwithstanding that other instructions recognizing the contract of settlement were also given, since it was impossible to determine which of the conflicting instructions were followed by the jury.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 705–713, 715, 716, 718; Dec. Dig. ☞ 296.]

Appeal from Stonewall County Court; R. S. Tillotson, Judge.

Action by L. F. Richards and others against the Fire Association of Philadelphia. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

Crane & Crane, of Dallas, for appellant. Ernest Herring and J. M. Carter, both of Aspermont, for appellees.

DUNKLIN, J. The Fire Association of Philadelphia issued an insurance policy upon a house owned by L. F. Richards and wife, insuring the same against loss or damage by fire for a term of one year, beginning November 10, 1911, and ending November 10, 1912. The premium paid by L. F. Richards was $3.87, and the amount of insurance was $300. The policy also contained a provision that any loss or damage sustained and proven to be due under the policy should be payable to R. B. Spencer & Co. as their interest might appear, subject to the terms and conditions of the policy. The house insured was a one-story frame building occupied by L. F. Richards and wife as a dwelling and situated in the town of Aspermont, Tex. The house was wholly destroyed by fire on November 28, 1911. On December 20, 1911, Sam Bucklew, adjuster for the insurance company, reached an agreement with L. F. Richards for the settlement of the claim theretofore made by him for the loss of the house, and also for the loss of its contents, which were covered by another insurance policy for the sum of $250, not litigated in this suit. By the terms of that agreement the adjuster, as the agent and representative of the insurance company, agreed to pay Richards, who agreed to accept, the sum of $50 in full satisfaction of said policies. In pursuance of that agreement Bucklew executed and delivered to Richards a draft, drawn upon Trezevent & Cochran, general agents of the insurance company at Dallas, for the sum of $50, payable to the order of L. F. Richards and R. B. Spencer & Co.; the draft containing the following stipulation:

"It is agreed that the indorsement and collection of this draft by the payee or payees shall constitute a receipt in full for all sums due by reason of said loss under said policy, and by said payment the policies are canceled in full for the above amount, leaving no insurance thereunder whatever. Assured did this day surrender the above numbered policies to the insurance company. Assured further agrees that this draft shall be turned over to R. B. Spencer & Co."

At the same time L. F. Richards executed and delivered to Bucklew a receipt acknowledging the payment to him of said $50 by the Fire Association and containing substantially the same stipulation above quoted from the draft. It seems that the draft was never collected by the payees. This suit was instituted to recover the amount stipulated in the policy; the plaintiffs in the case being L. F. Richards and wife, Mrs. M. A. Richards, and R. B. Spencer, H. S. Abott, and J. B. Lipscomb, composing the partnership firm of R. B. Spencer & Co., and the defendant being the Fire Association named.

In the petition the execution and delivery of the policy and the total destruction of the house by fire were alleged. It was further alleged that at the time of the issuance of the policy, and at the time of the fire, the house was the homestead of L. F. Richards and wife, who were indebted to the firm of R. B. Spencer & Co. in the sum of $120, evidenced by their eight certain promissory notes in the sum of $15 each, all dated December 1, 1909, which were given for material used in building said house, which said notes were secured by a furnisher's lien upon the house, fixed in accordance with the statutory provisions relating thereto. It was further alleged that Bucklew, defendant's adjuster, without the knowledge or consent of R. B. Spencer & Co., and by threats made to L. F. Richards to procure the indictment and conviction of his wife, Mrs. M. A. Richards, for burning the house, procured the contract of settlement from Richards referred to above. It was alleged that L. F. Richards did not willingly and freely enter into said contract of settlement, but that he was intimidated and coerced into agreeing to such settlement by the threats so made by Bucklew to prosecute and convict Mrs. M. A. Richards for burning said house, and that by reason of those facts the contract of settlement was invalid and of no force or effect. It was further alleged that plaintiffs had refused to accept the said draft in satisfaction of the said policy. It was further alleged that, as the house was totally destroyed, the policy became a liquidated demand against the defendant for its full amount; that notice of the loss was duly given by the plaintiff to the defendant, together with proper proof thereof.

In its answer the defendant denied that the settlement with L. F. Richards was procured by fraud, duress, or threats of any character, and alleged that the same was made willingly and freely on the part of L. F. Richards. Defendant further alleged that

Mrs. M. A. Richards was equally interested with her husband, L. F. Richards, in the property insured, which was community property of the two, and likewise equally interested in said policy as a cobeneficiary with her husband therein; that the fire which destroyed the building was due to the act or procurement of Mrs. M. A. Richards, who set fire thereto, or caused the same to be destroyed by fire, for the purpose of collecting the insurance upon the property, and hence the defendant was not liable thereon. It was further alleged that, while the policy contained provisions requiring plaintiffs to furnish to the defendant within 90 days after the fire proof of said loss, and that the policy would not be due and payable until 60 days after the furnishing of said proof of loss, that said provisions relative to the due date of payment are null and void by virtue of the statutes of Texas and the decisions thereunder, to the effect that, in the event of the total destruction of a building by fire, the policy of fire insurance thereon shall be considered a liquidated demand upon which suit may be instituted immediately after the fire. A further stipulation contained in the policy was also specially pleaded, reading:

"No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity until after full compliance by the insured with all the foregoing requirements, nor unless commenced within 2 years next after the fire."

Defendant alleged that the suit had been instituted more than 2 years after the fire, and pleaded the stipulation last mentioned as a bar to any recovery. A trial before a jury resulted in a verdict and judgment in favor of plaintiffs for the sum of $300, with interest from date of suit, from which judgment the defendant has prosecuted this appeal.

As noted already, the fire which destroyed the house occurred on November 28, 1911. This suit was instituted December 29, 1913, more than 2 years after the date of the fire, and by different assignments of error appellant insists that the provision in the policy last quoted, to the effect that no suit or action on the policy for the recovery of any claim shall be sustainable in any court of law or equity, not commenced within 2 years next after the fire, was a complete bar to any recovery, and that the court erred in refusing a peremptory instruction in its favor as requested; also in refusing to sustain defendant's special exceptions to the petition, which exceptions presented the same defense, and in submitting any instruction to the jury which would permit a verdict in plaintiff's favor upon any theory.

Article 4874, 3 Vernon's Sayles' Tex. Civ. Stat., reads:

"A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy: Provided, that the provisions of this article shall not apply to personal property."

Article 5713 of the Statutes reads:

"It shall be unlawful for any person, firm, corporation, association or combination of whatsoever kind to enter into any stipulation, contract, or agreement, by reason whereof the time in which to sue thereon is limited to a shorter period than two years. And no stipulation, contract, or agreement for any such shorter limitation in which to sue shall ever be valid in this state."

Article 5714 reads, in part, as follows:

"No stipulation in any contract requiring notice to be given of any claim for damages as a condition precedent to the right to sue thereon shall ever be valid, unless such stipulation is reasonable; and any such stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void. * * *"

In the case of Taber v. Western Union Tel. Co., 104 Tex. 272, 137 S. W. 106, 34 L. R. A. (N. S.) 185, the Telegraph Company, which was sued for damages for negligent delay in the transmission and delivery of a message, pleaded in bar of the action the failure of the sender of the message to comply with the following stipulation contained in the contract:

"All messages taken by this company are subject to the following terms: The company will not be liable for damages or statutory penalties in any case where the claim is not presented in writing within 90 days after the message is filed with the company for transmission."

In that case our Supreme Court, referring to article 5714 of the Statutes, said:

"The statute is plain in its terms that 'any such stipulation fixing the time within which such notice shall be given at a less period than 90 days shall be void.' The provision in the contract requiring that notice shall be given within 90 days after the filing of the message we construe to mean that such notice shall be given before the expiration of 90 days after the filing of the message, and hence is void. The statute gives a claimant 90 full days as the shortest time to which he may be prescribed by contract in presenting his claim for damages, and any abridgment of that right annuls the contract. The New York Court of Appeals, in Merchants' & Traders' Bank v. Mayor, 97 N. Y. 361, in construing a city ordinance which provides for notice to be given 'at any time within 10 days after the completion' of certain work, held such ordinance to mean that notice must be given before the expiration of 10 days after the completion of the work. It is our opinion that, even if the stipulation was not repugnant to the provisions of the statute by requiring the notice to be given 'within 90 days,' the same is nevertheless void by virtue of the provision arbitrarily fixing the period from which the 90 days shall be computed at the time of filing the message, as contradistinguished from the time the cause of action arose as provided for in the statute as we construe its meaning."

T. & P. Ry. Co. v. Langbehn, 150 S. W. 1188, Smith v. I. & G. N. Ry., 138 S. W. 1074, and St. L. & S. W. Ry. v. Brass, 133 S. W. 1075, are to the same effect.

In Continental Insurance Co. v. Chase, 33 S. W. 602, it was held that under the article of the statute now numbered 4874, providing that a fire insurance policy upon property other than personal property shall be considered a liquidated demand whenever the property is wholly destroyed by fire, no effect could be given to a provision in a policy

requiring the insured to furnish to the company proof of such loss within 60 days after fire, and further stipulating that no suit should be instituted upon the policy until such proof had been so furnished. In that connection the court said:

"If the amount due is fixed and settled, we cannot see how it can be open for adjustment, proof, or anything else but payment. The holder of the policy in such cases has nothing to do but to present his policy for payment, as he would a promissory note. It is due when the loss occurs, regardless of the stipulations in the contract to the effect that it shall be due so many days after proof of loss, for this statute has done away with proof of loss for any purpose whatever."

To the same effect are the following decisions: Georgia Home Ins. Co. v. Leaverton. 33 S. W. 579; Hamburg-Bremen Ins. Co. v. Ruddell, 37 Tex. Civ. App. 30, 82 S. W. 826; Fire Association of Philadelphia v. Strayhorn, 165 S. W. 901.

[1-3] Under those authorities we hold that if appellant was liable upon the policy in suit the amount of that liability was due immediately after the fire occurred, and that the stipulation contained in the policy for notice and proof of loss to be made as a prerequisite to the right to sue upon the policy was void, as alleged by appellant in its answer. In Tex. & Pac. Ry. Co. v. Langbehn, 158 S. W. 244, a stipulation in the bill of lading for goods shipped, and for the loss of which the suit was instituted, was invoked by the railway company as a bar to the action. That stipulation read:

"In no event shall any suit be sustained, unless the same shall be commenced before the expiration of 2 years from the date the cause of action accrued."

Article 5713 of the Statutes quoted above was invoked in reply to that contention. In that case the Court of Appeals at Galveston held that the stipulation in the bill of lading was in violation of that statute, and therefore invalid. The conclusion so reached was predicated upon the decision of our Supreme Court in Taber v. Western Union, supra. In other words, it was held that if a provision in a contract requiring notice of damages to be given within 90 days was in violation of article 5714, as decided in the Taber Case, then the provision in the bill of lading, requiring suit to be instituted before the expiration of 2 years from the date the cause of action accrued, fixed a period of limitation for the institution of the suit shorter than 2 years and was therefore in violation of article 5713 of the statute. In that case the majority of the court criticized the decision in the Taber Case, but felt constrained to follow it, and to hold that the principle was decisive of the question then determined.

The provision in the policy is substantially the same as the one noted in the bill of lading in the Langbehn Case last referred to. Article 5713 is one of the articles of title 87 upon the subject of limitation of actions, embracing all our statutes of limitation, all of which statutes require suits upon different causes of action to be instituted "within" 1, 2, 3, 4, 5, and 10 "years," respectively. And while we have concluded to follow the opinion of the Court of Appeals for the First District in the Langbehn Case, for the reasons therein stated, yet, if the question were one of first impression, the majority at least would be inclined to hold that article 5713 should be construed as prohibiting a stipulation in any contract fixing a period of limitation for suit thereon to a period shorter than is fixed by the statute of limitation of 2 years, rather than as adding 1 day to that period.

The jury were instructed, in effect, that the contract of settlement was valid and binding upon the plaintiffs, unless the same was obtained through duress, as pleaded by them.

[4] Appellant earnestly insists that the evidence was insufficient to sustain the plea that the contract of settlement was procured through duress exerted upon Richards. Testimony at length is cited strongly tending to negative the truth of such finding by the jury. According to Bucklew's testimony, which was corroborated by other evidence, Bucklew procured the affidavits from several of the citizens residing at Aspermont relative to the origin of the fire. In a conversation with L. F. Richards, just before the settlement was agreed to, he submitted those affidavits to Richards, and at the time stated to him in substance that he believed Mrs. Richards set fire to the house, and that that belief was based upon the information contained in the affidavits. Bucklew further testified, in effect, that Richards took the affidavits with him and repaired to the office of his attorney for advice relative to the proposition already made by Bucklew to pay the sum of $50 in full settlement of the two policies of insurance, one being upon the contents of the house, and the other being the policy in controversy in this suit upon the building; that, after consulting with his attorney, Richards freely and voluntarily agreed to the settlement; and that Bucklew at no time made any of the threats charged in plaintiffs' petition. But opposed to that testimony was the testimony of Richards himself, substantially that such threats were made by Bucklew, and that he was thereby coerced and intimidated to accept the proposition of settlement made by Bucklew. He further testified that after Bucklew submitted the proposition, and made the threats to send his wife to the penitentiary unless the proposition was accepted, he (Richards) did go out to consult his lawyer, who returned with him to Bucklew; that the attorney then requested of Bucklew to show him the affidavits upon which he based his opinion that Mrs. Richards had burned the house, but that this request was declined by Bucklew; that thereupon the attorney declined to advise Richards whether or not to accept the proposition, by reason of his ignorance of

the information upon which Bucklew's charge was based. Other evidence was introduced tending in some respects to corroborate the testimony of Richards. In view of such evidence on the part of plaintiffs, the assignment now under discussion must be overruled.

[5] Error has been assigned to the following instruction given by the court to the jury:

."If you believe from the evidence that defendant, after the destruction of said house above described, with knowledge thereof, denied its liability to plaintiffs and refused to pay plaintiffs the amount of said insurance, you will find in favor of plaintiffs, unless you further believe that said house was destroyed by the act or procurement of plaintiff Mrs. M. A. Richards, in which event you will find for the defendant."

The criticism of this instruction is that it ignores other issues under which the jury would be justified in finding for the defendant. The instruction clearly ignores and excludes any defense to the suit by reason of the contract of settlement. In effect, it is a peremptory instruction that the contract of settlement was invalid and of no binding force or effect.

Appellee insists that the error, if any, in the instruction, was harmless, in view of the fact that in other portions of the charge the jury were instructed, in effect, that the contract of settlement would preclude a recovery unless the plea of the plaintiffs that the same was executed under duress was sustained, and that the burden was upon plaintiffs to sustain that plea. It is impossible to determine which of these conflicting instructions were followed by the jury, and in the absence of any showing that the error in the instruction quoted did not influence the jury to the defendant's prejudice, the assignment of error now under discussion must be sustained. Burgher v. Floore (Sup.) 174 S. W. 819; Railway Co. v. Sage, 98 Tex. 438, 84 S. W. 814.

Reversed and remanded.