# JUNE, 1916

GULF, TEXAS & WESTERN RAILWAY COMPANY v. WM. DICKEY.

No. 2863.     Decided June 7, 1916.

**1.—Negligence—Degree of Care—Charge.**

The degree of care due from a railway company to a child permitted to be on board one of its locomotive engines at a station by the hostler then in charge of it, was that of an ordinarily prudent person under like circumstances. It was error in such case to charge that the law required those in charge of dangerous machinery to use "great care and prudence" in operating same to avoid injury to others. (Pp. 129, 130.)

**2.—Same—Case Stated.**

A child of eight years was permitted by the hostler in charge of the locomotive engine for defendant railway to be upon such engine at a station while

it was being made ready to go out upon the road. After using a hose connected with the injector to sprinkle the coal loaded into the tender, the hostler used the injector to fill the boiler with water, and, by reason of the valve of the sprinkling hose not being closed, the boy was scalded by hot water and steam escaping therefrom. Held, that defendant's duty to the boy was that of ordinary care, and an instruction requiring of it "great care" in the use of dangerous machinery was unwarranted. (Pp. 129, 130.)

### 3.—Charge—Contradictory Instructions.

The effect of giving an erroneous charge can be obviated only by its withdrawal. The giving of a correct but contradictory statement of the law on the subject, in another paragraph of the charge, will not suffice to cure the error. (P. 130.)

### 4.—Jurisdiction of Supreme Court—Substantive Error—Refusal to Consider Assignment.

The refusal of the Court of Civil Appeals to consider an assigned error in the charge because objection to same was not saved by bill of exceptions on the trial, though erroneous, would not be such error in substantive law as to furnish ground of jurisdiction to the Supreme Court under section 6 of article 1521, Rev. Stats., as amended by the Act of March 28, 1913 (Laws, 33d Leg., ch. 55, p. 107). But where the charge on a material issue was prejudicially erroneous and the objection properly saved and assigned, the refusal to reverse would be error in substantive law, though the appellate court improperly refused to consider the assignment. (P. 131.)

### 5.—Objections to Charge—Bill of Exceptions.

Where appellant's objections to the general charge of the court were presented and overruled before the charge was given, errors so urged are not waived though the objections were not saved by bill of exceptions. ˙(Pp. 131, 132.)

### 6.—Same—Statutes Construed.

The Act of March 29, 1913 (Laws, 33d. Leg., ch. 59, p. 113), so far as it applies to the general charge of the court, does not repeal by construction article 1972 of the Revised Statutes, by which errors in such charge were subject to revision without the necessity of taking a bill of exceptions thereto. Nor was said article 1972 altered or repealed, as applied to the general charge by the amendments of articles 1973, 1974 and 2061, introduced by that Act, such articles relating only to special instructions requested, and not to the general charge. Article 1971, as amended by that Act, requires such charge to be submitted to counsel and their objections thereto to be presented to the court before it is read to the jury, or they are taken as waived. How such objections are to be evidenced of record is not prescribed. A filed paper showing them to have been duly presented and an order of the court showing that they were overruled is sufficient to enable the errors of which they complain to be reviewed on appeal, without a bill of exceptions. (Pp. 132-137.)

### 7.—Same—Special Instructions.

It seems that since the amendment of article 1794, Revised Statutes, by the Act of March 29, 1913 (Laws, 33d Leg., ch. 59, p. 113), a bill of exceptions must be taken to the giving or refusal of requested instructions, in order that error in such action should be reviewed. (P. 136.)

Error to the Court of Civil Appeals for the Second District, in an appeal from Baylor County.

Dickey sued the railway company and obtained judgment. Defendant appealed, and on affirmance procured writ of error.

*Ben B. Cain, Sporer & McClure,* and *J. A. Wheat,* for plaintiff in

error.—Said charge imposed upon the appellant a higher degree of care than the law required, for if Maryland Dickey was a licensee or invitee appellant only had to exercise ordinary care under the circumstances, and if he was a trespasser the appellant owed him no duty whatever only in the event appellant's hostler discovered Maryland to be in danger. Then he was to use such reasonable care as was necessary to prevent his being injured. Burnett v. Ft. L. P. Co., 112 S. W., 1040; Dobbins v. M., K. & T. Ry. Co., 91 Texas, 60; Brush Electric L. & P. Co. v. Lefevre, 93 Texas, 604; Haisley v. Winona & St. P. Ry. Co., 24 Am. St. Rep., 220; St. L. & S. F. Ry. Co. v. Christian, 8 Texas Civ. App., 246, 27 S. W., 932; T. & P. Ry. Co. v. Endsley, 103 Texas, 434.

The Court of Civil Appeals erred in holding that no proper bills of exception were reserved to the general charge, and that because of this none of the objections to the general charge could be considered, and likewise the refusal of the trial court to give special charges must be disregarded. Rev. Stats., arts. 1972, 2062; Stephens v. Herron, 99 Texas, 63.

*D. A. Holman,* for defendant in error.—The standard of care required of railway companies is ordinary care; but the degree, or quantum of care, vigilance and prudence required of them and of operatives of dangerous machinery, varies according to the danger and circumstances of the particular case. Railway Co. v. Matulla, 79 Texas, 577; Railway Co. v. Smith, 87 Texas, 348; Railway Co. v. Hewett, 67 Texas, 473; Railway Co. v. Mechler, 87 Texas, 628; Railway Co. v. Gormly, 91 Texas, 393; Downs on Torts, 266; Street on Personal Injuries, p. 100; 6 Cyc., p. 592; 8 Am. and Eng. Ency. of Law, p. 390.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The action was by William Dickey for the recovery of damages because of personal injuries suffered by his eight-year-old son, Maryland Dickey, through the act of Ed Moss, an engine hostler in the employ of the defendant railway company. The boy was scalded by steam and hot water escaping from a hose in an engine cab where he was at the time, the engine being then at a station in the charge of Moss, who was preparing it for a run. The hose was used to sprinkle coal in the engine tender. It was connected with an injector by means of a valve. The injector was used to refill the engine boiler with water from the engine tank. When the valve connecting the hose with the injector was closed, no water or steam could escape through the hose. Just before the boy's injury Moss had been loading the engine tender with coal, and had used the hose for sprinkling the coal. He loaded some more coal into the tender and then proceeded to fill the engine boiler with water by turning on the injector. This caused steam and hot water to escape from the hose and scald the boy, the valve referred to being then open. Moss testified that after sprinkling the coal with the hose,

he closed the valve, and that when he turned on the injector to fill the boiler with water he did not know the valve was open. A defense of the railway company was, that after Moss had closed the valve it was opened, without Moss' knowledge, by either Maryland Dickey or his brother, who was also upon the engine with him, or some unknown person. A verdict in favor of the plaintiff was returned in the sum of $750, for loss of the boy's services, extra services rendered by the plaintiff and his wife in nursing him, and for medical expenses incurred in his treatment.

The case for the plaintiff being that his minor son was upon the engine with the consent of the defendant's employee, Moss,—then in charge of the engine, the duty owing by the defendant under such circumstances was the use by Moss of ordinary care to avoid any injury to the boy while he was upon the engine. While Moss, in his use of the hose which caused the injury, was under the obligation of using the care of an ordinarily prudent person under like circumstances to prevent any injury to the boy by that means, this, according to the settled law, marked the extent of his duty. Moss having testified, as already stated, that he had previously closed the valve which connected the hose with the injector and that when he turned on the injector to fill the boiler he did not know the valve was open, if the jury believed his testimony and that an ordinarily prudent person would, under the same circumstances, have turned on the injector in the belief that no harm would result to the boy from the hose, the defendant would have been entitled to be acquitted of liability. On the other hand, the plaintiff would have been entitled to have the issue of Moss' negligence resolved against the defendant if the jury believed that under like circumstances an ordinarily prudent person would not have turned on the injector at the time without positively seeing that the valve connecting the hose with the injector was closed. After, in the second paragraph of the charge, defining negligence to be "the failure to do that which a person of ordinary prudence resting under legal obligations would have done under the particular circumstances, or the doing of that which such person under such obligation should not have done under like circumstances; the essence of the fault may lie in the omission or commission," the court, in the third paragraph of the charge, gave this instruction to the jury:

"You are further instructed that the law requires those in charge of dangerous machinery to use great care and prudence in operating such machinery as to avoid damage and injury to the persons and property of other people, and if by the want of such care and prudence injury is inflicted upon others without the fault of such others, such persons or companies operating such machinery must pay for such injuries or damages."

In the fourth paragraph the jury were told, "if the defendant delegates to its agents or employees a certain work, and the agent or em-

ployee in discharge of such work is guilty of negligence, *as in the court's charge defined,* such negligence would be that of the defendant, and if the servant of a railway company in charge of an engine was negligent, the company was responsible therefor."

No attempt was made in the charge to present, as the predicate for a recovery in favor of the plaintiff, the distinct issue of negligence pleaded in the petition, that is to apply the proper rule of law to the particular grounds of recovery relied on in the petition and raised by the testimony, in respect to Moss' turning on the injector with the valve connecting the hose with the injector, open; but, omitting any instruction of that character, in the eighth paragraph the jury was told, "if you find for the plaintiff under the instructions heretofore given you, you will allow him such damages," etc.

The instruction embodied in the third paragraph of the charge, above quoted, to the effect that the law requires those in charge of dangerous machinery to use "great care and prudence" in operating such machinery, and that if through the want of such care and prudence injuries inflicted upon others without their fault, such persons or companies operating such machinery must pay for such injuries or damages, was clearly an erroneous charge, since it defined the measure of the defendant's duty to be greater than the law imposes. It was in manifest contradiction of the second paragraph of the charge wherein, in substance, the jury was told that the exercise of ordinary care was the measure of duty under which it rested. Under the charge as a whole the jury was left without any proper direction for the determination of the question of the defendant's negligence. Looking to one part of the charge they would find an instruction that the defendant's employee, Moss, was negligent if he failed to use ordinary care, whereas in another portion of the charge was the instruction, in effect, that he would be guilty of negligence if he failed to use "great" care and prudence. It is settled in the decisions of this court, having been announced many times, that the giving of a contradictory charge does not correct the error committed by the court in another part of the charge upon a material issue; and that the only way to make the correction is to withdraw the erroneous instruction. Missouri, K. & T. Ry. Co. v. Rodgers, 89 Texas, 675, 36 S. W., 243; International & G. N. Ry. Co. v. Welch, 86 Texas, 203, 40 Am. St., 829, 24 S. W., 290; Southern Kansas Ry. Co. v. Sage, 98 Texas, 438, 84 S. W., 814. This plainly erroneous instruction requires a reversal of the judgment if it was properly objected to by the defendant under the Act of the Thirty-third Legislature, chapter 59, page 113, in relation to the presentation of objections to the court's charge, so as to make the error reviewable on appeal. The Court of Civil Appeals declined to consider the railway company's assignment of error in respect to this instruction, as well as all other assignments of error directed at the court's charge because, as held by it, no proper bills of exception were reserved thereto. We are accordingly called upon to construe this Act in connection with the method employed by

the defendant's counsel in the presentation of their objections to the charge in the trial of the case.

The mere refusal of the Court of Civil Appeals to consider an assignment of error for reasons deemed by it sufficient does not present a question of substantive law, necessary to the jurisdiction of this court under section 6 of article 1521, as amended by the Act of the Thirty-third Legislature, chapter 55, page 107, defining the appellate jurisdiction of the Supreme Court. For this reason, while differing from the view expressed in some of the decisions of the Courts of Civil Appeal, that by the Act in question a formal bill of exception is required in order to entitle a complaining party to a review on appeal of any particular part of the court's general charge, we have customarily declined to assume jurisdiction of cases involving the construction of this Act where the question presented to us was the mere refusal of the Court of Civil Appeals to consider an assignment of error in relation to the charge because of the failure, according to its view, to observe the requirements of the Act. If, however, the charge upon a material issue is prejudicially erroneous and the Court of Civil Appeals has improperly refused to consider the assignment of error touching it, a question of substantive law is presented; and, in cases in which the jurisdiction of the Court of Civil Appeals is not final, is entitled to be reviewed here on writ of error.

There appears in the transcript a document, shown to have been a paper filed in the case on the same day as the charge, denominated "Defendant's Exceptions to the Court's General Charge," duly signed by the attorneys for the defendant. It contains two specific objections or exceptions to the erroneous paragraph of the charge to which attention has been above directed, one of them being that it imposed upon the defendant a greater measure of duty than required by law and urging that under no phase of the case could the defendant be held under a greater duty than the exercise of ordinary care. In the transcript it is immediately followed by an order of the court, also of the date shown by the file mark of the charge, denominated "Order of the Court Overruling Defendant's Objections to Court's Charge," showing that it was then filed and duly entered in the minutes of the court, as follows:

"On this day came on to be heard the objections and the exceptions of the defendant to the court's general charge, which were presented to the court before the reading of his charge to the jury, and the court having heard the same is of the opinion that the law is against the said objections and exceptions, and it is therefore ordered and considered by the court that the same be and the same are hereby in all things overruled, to which the defendant excepted."

It thus appears from the record of the case that before the charge of the court was read to the jury the defendant's attorneys presented to the court in writing the specific objection to the erroneous instruction raised in an assignment of error presented to the Court of Civil Appeals

which it declined to consider; that the objection was duly considered
by the court, and by order of the court made at the time and duly
entered in the minutes, was overruled, to which action, as shown by
the entry of the order in the minutes, an exception was duly reserved
by the defendant. Was this a substantial compliance with the Act of
the Thirty-third Legislature, entitling the defendant to a review of
the objection to the charge on its appeal? We think it was.

This Act amends article 1954, chapter 12, title 37; articles 1970,
1971, 1973, and 1974 of chapter 13, title 37; article 2061, chapter 19,
title 37, and adds article 1984a to chapter 14, title 37, of the Revised
Statutes of 1911. The change worked in article 1954 is to require the
reading of the charge and special instructions given by the court to
the jury before the beginning of the argument instead of at the con-
clusion of the argument as formerly provided.

Added article 1984a to chapter 14 deals with the submission of
special issues. It is unnecessary to notice it in this connection.

Chapter 13, title 37, before its amendment by the Act and under the
amendment, consisted and now consists of six different articles, 1970,
1971, 1972, 1973, 1974, and 1975. Articles 1970 and 1971 dealt only
with the general charge of the court. Article 1972 was unamended and
deals also with the general charge of the court. As amended by the
Act, articles 1970 and 1971, with the exception of a single reference
to the subject of special issues in article 1970 and a clause in article
1971,—that special charges shall be given just as written, still deal
only with the general charge of the court. Before its amendment,
article 1970 merely provided for the giving of a written charge by the
judge to the jury on the law of the case in open court, unless waived
by the parties. As amended, it provides:

"In all civil cases the judge shall, unless the same be expressly waived
by the parties to the suit, prepare and in open court deliver a written
charge to the jury on the law of the case, or submit issues of fact to
the jury if said cause is submitted to the jury on special issue of fact
at the time, in the manner and subject to the restrictions hereafter pro-
vided, provided that failure of the court to give reasonable time to the
parties or their attorneys for examination of the charge shall be review-
able upon repeal (appeal) upon proper exception."

The provisions of article 1971, before its amendment, in substance,
were, that the charge should be in writing and signed by the judge and
read exactly as written; that the judge should not charge or comment
on the weight of the evidence; that he should so frame the charge as
to distinctly separate the questions of law from the questions of fact;
that he should decide on and instruct the jury as to the law on the
facts, and should submit all controverted questions of fact solely to the
decision of the jury. As amended, with some parts italicized, the
article reads:

"The charge shall be in writing and signed by the judge; after the
evidence has been concluded the charge shall be submitted to the re-

spective parties or their attorneys for inspection and a reasonable time· given them in which to examine it and *present objections thereto, which objections* shall in every instance be presented to the court before the· charge is read to the jury, *and all objections not so made and presented shall be considered as waived;* before the argument is begun the judge· shall read his charge, and all special charges given by him to the jury in the precise words in which they were written; he shall not charge or comment on the weight of evidence; he shall so frame the charge· as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the· facts, and shall submit all controverted questions of fact only to the· decision of the jury."

Article 1972 was not expressly repealed by the· Act, nor, as stated, was it in anywise amended. It reads:

"Such charge shall be filed by the .clerk and shall constitute a part of the record of the cause, *and shall be regarded as excepted to, and· subject to revision for errors therein, without the necessity of taking· any bill of exception thereto."*

Without immediate reference to amended articles 1973 and 1974 of chapter 13, and amended article 2061 of chapter 19, which will be later noticed, the effect of amended article 1971 and unamended article 1972, in relation to the general charge of the court, when construed together,. is plainly this:

1.  At the conclusion of the introduction of the testimony the judge· is required to submit the charge to the respective parties or their attorneys for their examination and the presentation of objections to it. A reasonable time must be given them for this purpose. Objections to· the charge shall in every instance be presented to the court before it is read to the jury. All objections not so made and presented shall be considered as waived.

2.  Since, by article 1972, the charge is made a part of the record of the cause and is to be regarded as excepted to and subject to revision for errors without the necessity of taking any bill of exception to it, no bill of exception is necessary to entitle a party to a review of the· errors in the charge, provided, in the particular complained of, it was· objected to before read to the jury. In other words, construing the· two articles together, the change worked in the law is to require that for errors in the general charge to be reviewable on appeal they must be brought to the court's attention before the charge is read to the· jury; otherwise they are waived. Since in the passage of the Act, article 1972 was left intact by the Legislature, though it amended the· two articles in the same chapter which immediately preceded it and the two succeeding articles, as well, it is evident, we think, that, in· respect to the general charge, the concern of the Legislature was not directed to the subject of bills of exception. It is difficult to credit it with the purpose to change the law upon the subject of the general charge being regarded as "excepted to" without the necessity of any bill

being reserved, when it is seen that by the amendatory Act it left article 1972 untouched. As revealed by the terms of the amendatory Act, the larger purpose of the Legislature, in relation to the general charge, was to give the trial judge an opportunity to correct any errors in his charge before giving it to the jury, so as to avoid new trials or reversals on that account. To accomplish this purpose, the method devised was the requirement of amended article 1971, that all objections to the charge shall be presented to the court before it is read to the jury, upon the penalty of a waiver of the error. In its dealing with the general charge, the amendatory Act here stopped, leaving, so far as disclosed by its express terms, article 1972 still in full force, with its distinct provision that the general charge "shall be regarded as excepted to and subject to revision for errors therein, without the necessity of taking any bill of exception thereto." The three articles, that is, amended articles 1970 and 1971 and unamended article 1972, in our opinion simply mean that in order to obtain a review of the general charge of the court on the appeal because of any error therein, an objection to the charge in the particular complained of must be presented to the trial judge before the charge is read to the jury, and that when such objection is so made, it is the right of the complaining party to have the error considered by the appellate court, without the necessity of going through the formal procedure of reserving a bill of exception to the charge, inasmuch as article 1972 left unamended by the Act, distinctly provides that no bill of exception to the charge is necessary for its revision on appeal on account of error.

We think there can be no doubt that such is the plain effect of these articles, unless it be that article 1972 was repealed by implication in consequence of the amendment by the Act of article 1974 of chapter 13, or the amendment of article 2061 of chapter 19. That question is important and will now be considered.

The title of chapter 13 in the Revised Statutes is "Charges and Instructions to the Jury." The title and the body of the chapter plainly recognize the distinction between the general charge of the court and special instructions requested by the parties. As already stated, the general subject of articles 1970 and 1971, before their amendment, as well as that of article 1972, was the general charge of the court. This is still true of amended articles 1970 and 1971. The chapter, before the amendatory Act, after dealing with the general charge in these articles, turned to special instructions requested by the parties as a subject, and specifically dealt with them in articles 1973 and 1974. These two latter articles before the amendatory Act read:

"Art. 1973. Either party may present to the judge, in writing, such instructions as he desires to be given to the jury; and the judge may give such instructions, or a part thereof, or he may refuse to give them, as he may see proper, and he shall read to the jury such of them as he may give."

"Art. 1974. When the instructions asked, or some of them, are re-

fused, the judge shall note distinctly which of them he gives and which he refuses, and shall subscribe his name thereto; and such instructions shall be filed with the clerk, and shall constitute a part of the record of the cause, subject to revision for error without the necessity of taking any bill of exception thereto."

The change worked in article 1973 by the amendment is to add to the original article the following proviso:

"Provided, such instructions shall be prepared and presented to the court and submitted to opposing counsel for examination and objection within a reasonable time after the charge is given to the parties or their attorneys for examination."

It is apparent that the addition of this proviso in nowise affects the force of article 1972.

Article 1974 under the amendatory Act reads:

"When the instructions asked, or some of them, are refused, the judge shall note distinctly which of them he has given and which he refused, and shall subscribe his name thereto, and such instruction shall be filed with the clerk and shall constitute a part of the record of the cause, subject to revision for error."

The change in article 1974 effected by the amendatory Act is to omit the concluding clause of the original article,—following the phrase, "subject to revision for error," namely, "without the necessity of taking any bill of exception thereto." This indicates, plainly, an intention to make an important change in the law with respect to the subject of taking bills of exception to special charges in order to obtain their review on appeal. It reveals very clearly, we think, a purpose to hereafter require the reserving of a bill of exception to the action of the court on special instructions as necessary to its revision on appeal. But inasmuch as both the original article and the amended article relate, not to the general charge of the court, but specifically to special instructions requested by parties, it is evident, we think, that this change in article 1974 does not repeal or impair the force of article 1972. The established rule is that repeals by implication are not favored, and will not be indulged unless the two statutes are in irreconcilable conflict. Since these two statutes deal with different subjects, as distinctly recognized in their terms, no conflict between them is presented.

Article 2061 of chapter 19, before its amendment by this Act, read:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as excepted to in all cases."

It is plain to us that this article related, not to the general charge of the court, but only to special instructions requested by the parties. It is to be noted that not only is the term, "instructions," used in the article, whereas elsewhere in the statutes the term "charge" is used wherever the general charge of the court is intended and the distinction between the general charge and special instructions is plainly recognized, but, in addition, the subject of the article is *"the giving, refusing or qualifying"* of *"instructions."* These are proper terms with refer-

ence to the action of the trial court in the matter of special instructions, but they are altogether inappropriate terms as applied to the action of the trial court in respect to the general charge of the court. For instance, to conceive "the refusing" of the general charge of the court is difficult. Added force is given to the view that this article related, and, as amended, still relates to only special instructions by the fact that the same rule embodied in the article had been, as applied to the general charge, already expressed in article 1972, and is the specific subject of the latter article; and it would hardly be necessary, therefore, to repeat it in article 2061. We are of opinion, therefore, that article 2061, before its amendment; applied only to special instructions, and, as amended, applies only to them.

As amended by the Act, article 2061 now reads:

"The ruling of the court in the giving, refusing or qualifying of instructions to the jury shall be regarded as approved unless excepted to as provided for in the foregoing articles."

The phrase, "the foregoing articles," very clearly relates, we think, to the articles which would and do precede it in chapter 19, giving amended article 2061 its proper place in that chapter. Article 2058, one of the articles of chapter 19, requires that "whenever in the progress of a cause, either party is dissatisfied with any ruling, opinion or other action of the court, he may except thereto at the time the same is made or announced, and at his request time shall be given to embody such exception in a written bill." The effect, therefore, of amended article 2061 is to require the taking of a written bill of exception to the giving or refusing of a special instruction in order to have a revision of the court's action on the appeal.

Article 2062 was not expressly repealed by the amendatory Act, nor was it amended. It reads:

"Where the ruling or other action of the court appears otherwise of record, no bill of exception shall be necessary to reserve an exception thereto."

As applied to special instructions, article 2062 is in plain conflict with amended article 2061, above quoted, and, as related to special instructions, it was by implication repealed by the amendment to article 2061. But, as already indicated, there is not any conflict between article 1972 of chapter 13 and amended article 2061, since the former deals with the general charge and the latter with special instructions; and accordingly article 1972 was not affected by the amendment of article 2061.

The amendatory Act is silent with respect to the manner in which it is to be evidenced of record what objections were made to the general charge of the court, and that those made were presented to the court before the reading of the charge to the jury, as is plainly required by amended article 1971. To accomplish the purpose of the amendatory Act in its relation to the general charge there should, of course, be some authentic record that the objections to the general charge urged

on the appeal were in fact presented to the trial court, and presented before the charge was read to the jury. We think a filed paper in the cause setting forth the objections, with some due authentication of the fact that they were presented to the court, and before the reading of the charge to the jury, substantially complies with the requirement of amended article 1971. In this case the record distinctly shows wnat the objections to the general charge were as presented by the attorneys for the defendant, as recited and set forth in a filed paper in the cause; and, as above shown, there is in the record the order or judgment of the court, taken from the minutes of the court and, therefore, necessarily approved by the judge, plainly reciting that the objections to the charge were presented to the court before the reading of the charge to the jury; were duly considered, and were overruled. We do not think there could be a more reliable authentication of record presented that the objection urged on the appeal to the erroneous paragraph of the general charge above noted was in fact made as required by amended article 1971; and the assignment of error in relation thereto was accordingly entitled to be considered. It has been duly carried forward and presented in the petition for writ of error, and we have, therefore, considered it. An answer to the petition for writ of error having been filed by the defendant in error, the case is subject to decision here.

Because of the erroneous charge, the judgments of the Court of Civil Appeals and the District Court are reversed and the cause remanded to the District Court for another trial.

*Reversed and remanded.*