### MANSFIELD et al. v. GERDING. (No. 5892.)

(Court of Civil Appeals of Texas. Austin. Feb. 27, 1918.)

1. PARTNERSHIP ☞291—DISSOLUTION—"ACTUAL NOTICE"—"IMPLIED NOTICE."

In an action for rent against a partnership dealing in oil, the fact that the oil fields, wherein the partnership dealt, commenced to fail, and their business ceased to be profitable, did not put the landlord on inquiry to ascertain whether the partnership still existed (citing Words. and Phrases, Notice).

2. APPEAL AND ERROR ☞501(4) — RESERVATION OF EXCEPTIONS—NECESSITY.

Where the record fails to show that appellant reserved exceptions to the trial court's refusal to give requested instructions, the assignment will not be considered.

Appeal from Williamson County Court; Richard Critz, Judge.

Action by E. D. Gerding against H. P. Mansfield and others. From a judgment for plaintiff on appeal from a justice of the peace, defendants H. P. Mansfield and C. E. Shults appeal. Affirmed.

W. H. Tarkington, of Taylor, and Nunn & Love, of Georgetown, for appellants.

KEY, C. J. This case originated in a justice of the peace court, and was appealed to and finally tried by the county court. The plaintiff recovered, and two of the three defendants have appealed.

The plaintiff's cause of action was based upon an alleged breach of contract for rent. The plaintiff alleged and submitted testimony sufficient to prove that the three defendants, as partners engaged in oil activities in the town of Thrall, rented a room, which constituted a portion of the hotel owned by the plaintiff in the city of Taylor, and that they failed to pay all the rent; the balance that was unpaid being sufficient to justify the verdict and judgment for $100, which was rendered in plaintiff's favor. The defendants Mansfield and Shults, who have

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

appealed, testified that after the lease contract was entered into, and prior to the time for which the plaintiff sought to recover, the partnership referred to had been dissolved, and that after such dissolution neither of the appellants was interested in the business, which seems to have been continued by the other partner. The plaintiff testified that he had no knowledge or notice of the alleged dissolution of the partnership, and the court instructed the jury as follows:

"You are further instructed that after a partnership has been dissolved the members thereof cannot create obligations which will bind the firm, or change the character or form of contracts already existing, but it devolves upon them to give actual notice to those with whom such firm has been dealing; and any act done within the scope of the partnership by any one member of the firm, after its dissolution, and before actual notice of such dissolution, to those with whom the firm has been dealing, is binding upon all members of the partnership."

Appellants have assigned error upon that paragraph of the charge, one contention being that the expression "actual notice" was misleading, and calculated to cause the jury to believe that it was necessary for appellants to prove that appellee had actual knowledge of the fact of dissolution, whereas, it is contended that if he had knowledge of such facts as by the use of ordinary diligence would have resulted in actual knowledge of the dissolution, that would constitute sufficient notice.

[1] If appellants' contention is correct, and the charge is subject to the criticism urged, still it affords no ground for reversing this case. There was no proof of any fact which made it the duty of the plaintiff to make any investigation concerning the partnership. One member of the firm remained in possession of the rented premises, while the others returned to their homes in other parts of the state. It is true that a short time before the dissolution occurred the oil field at Thrall commenced to fail, and that the business in which the firm was engaged soon ceased to be profitable, and the plaintiff was aware of those facts, but such knowledge did not put him upon inquiry. In other words, knowledge of those facts did not impose upon the plaintiff any duty to the appellants to ascertain whether or not the partnership continued, or had been terminated, and therefore there was no testimony which called for a charge upon notice implied from knowledge of facts sufficient to put the plaintiff upon inquiry.

There seems to be considerable diversity of opinion, if not direct conflict of authority, as to what constitutes actual notice. Some authorities holding that it means direct information and knowledge of the fact, while others hold that actual notice may be either express or implied. If the one, it is established by direct evidence; if the other, by proof of circumstances, from which it is inferable as a fact. These authorities hold that ac-

tual notice embraces not only direct knowledge of the fact, but that it includes implied notice, which arises where the party to be charged is shown to have had knowledge of such facts and circumstances as would lead him, by the exercise of due diligence, to a knowledge of the particular fact. Citation of these conflicting authorities may be found in volume 5 of "Words and Phrases," on page 4840. In this case it is not necessary for this court to make a definite ruling upon that subject, because, as stated before, there was no evidence which called for a charge upon the question of implied notice resulting from knowledge of facts and circumstances sufficient to require further investigation. The other objections to the charge are untenable.

[2] The other assignments complain of the action of the trial court in refusing to give certain requested instructions, but the record fails to show that appellant reserved any exception to the rulings referred to, as required by statute, and therefore those assignments cannot be considered. I. & G. N. Ry. Co. v. Bland, 181 S. W. 504; Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

No reversible error has been shown, and the judgment is affirmed.

Affirmed.