SHUMAKER et al. v. BYRD. (No. 5890.)

(Court of Civil Appeals of Texas. Austin. March 7, 1918. Rehearing Denied April 3, 1918.)

1. APPEAL AND ERROR ⊜⇒499(2)—DEMURRER —WAIVER.

Where the record on appeal does not show that a demurrer and exception to plaintiff's petition were called to the attention or ruled on by the trial court, they will be regarded as waived.

2. TRESPASS TO TRY TITLE ⊜⇒32—COMPLAINT —SUFFICIENCY.

A complaint in trespass to try title alleging that plaintiff was in possession of the land sued for, describing it, that defendant on a stated date unlawfully entered upon the premises and ejected the plaintiff therefrom, and unlawfully withholds possession thereof to plaintiff's damage, that the property is being kept by defendant in a manner reasonably calculated to injure it and destroy its market value, and that plaintiff fears that defendant will make use of such possession to injure the property, was sufficient as against a general demurrer.

3. TRIAL ⊜⇒273—RESERVATION OF EXCEPTIONS—WAIVER.

Where appellants have failed to object to instructions before they were read to the jury, they must be held to have approved them and waived their objections.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Trespass to try title by Moses Byrd against Nora Shumaker and others. Judgment for plaintiff, and defendants appeal. Affirmed.

Tom M. Hamilton and H. C. Lindsey, both of Waco, for appellants. J. D. Willis, of Waco, for appellee.

KEY, C. J. This is an action of trespass to try title, which resulted in a verdict and judgment for the plaintiff, and the defendants have appealed.

The first assignment complains of the alleged action of the trial court in refusing to postpone the trial, but the transcript contains no bill of exception relating to the matter referred to, and the statement of facts, which is referred to in support of the assignment, does not sustain the same. In fact, it shows that the case was set for trial at a particular time; that appellants' attorney at that time was otherwise engaged at another court; that he appeared in the court below just as the jury came in with the verdict, and before it was read asked for time to produce his evidence; but the testimony there referred to shows that the court offered to give the attorney ten minutes to get his witness, who, he said, lived in Waco, where the case was being tried, but the attorney replied, "Just let it stand like it is;" and the court then stated, "I will set the verdict aside," to which the attorney replied, "No, sir; just let it stand as it is." Instead of that showing that an exception was reserved to the action of the court in refusing to allow appellants time to procure their testimony, it shows that the court offered to set the verdict aside in order to allow such time, but that appellants' counsel objected to that course being pursued.

[1] The second and third assignments complain of the alleged action of the trial court in failing to sustain the defendants' general demurrer and exception to the plaintiff's petition, but the record does not show that the demurrer and exception referred to were called to the attention of or ruled upon by the trial court, and therefore they must be regarded as waived.

[2] Under those assignments it is contended that the case discloses fundamental error, because the petition alleges that the plaintiff was in possession of the premises after he was alleged to have been evicted therefrom. The petition alleges that on or about the 23d day of December, A. D. 1915, the plaintiff was lawfully seized and possessed of the land and premises sued for, and then follows a description of the land, which includes reference to two deeds, one dated December 17, 1915, and the other dated December 18, 1915. The petition then alleges that:

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

On the day and year last aforesaid the defendants unlawfully entered upon the premises and ejected the plaintiff therefrom, "and unlawfully withholds from him the possession thereof, to his damage in the sum of $500; that your petitioner will further say to the court that said property is being occupied and used by the defendants in a manner reasonably calculated to injure it, damage and destroy the market value thereof, and he fears the defendant will make use of such possession to injure said property."

Considering all of the terms of the petition, we are of opinion that as against a general demurrer it is sufficient to support the judgment.

[3] Several assignments complain of the charge given by the trial court, but as appellants failed to present any objection to the charge before it was read to the jury, they must be held to have approved the same and waived the objections now urged. I. & G. N. Ry. Co. v. Bland, 181 S. W. 504; Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

Some other questions are presented in appellants' brief which we deem unnecessary to discuss in this opinion. They have all been considered and are decided against appellants.

No error has been shown, and the judgment is affirmed.

Affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes