THOMAS et al. v. DERRICK.   (No. 5972.)

(Court of Civil Appeals of Texas. Austin. Nov. 27, 1918.)

1. APPEAL AND ERROR ⊂⊃555—MATTERS REVIEWABLE—OBJECTION.

Where the record shows that appellants objected to the court's charge, and the authentication of the judge shows that these objections were presented and overruled, and that appellants excepted to the action of the court before the charge was read to the jury, an assignment is sufficient, although the formal bill of exceptions was stricken out by order of this court.

2. APPEAL AND ERROR ⊂⊃742(1) — MATTERS REVIEWABLE — ASSIGNMENTS OF ERROR — PROPOSITION.

A statement under a proposition, which is confined to a statement of the pleadings and the issues sought to be raised, and does not undertake to set out the substance of the evidence bearing on the proposition, is insufficient.

3. BILLS AND NOTES ⊂⊃537(1)—EXTENSION—EVIDENCE.

Telephoning to holder of note regarding extension, and failure of holder to keep promise then made to meet maker, did not even raise a question for the jury on the issue as to whether there was agreement for extension.

4. TENDER ⊂⊃7—ACTION ON NOTE.

A tender by the maker to the payee of a note does not constitute a tender as to the holder of the note, where the maker knows that the payee no longer has any authority in the matter.

5. APPEAL AND ERROR ⊂⊃555—MATTERS REVIEWABLE—"EXCEPTION"—SUFFICIENCY.

Where the formal exception was stricken out, and the transcript only showed that a charge was presented to the court and refused, and that defendant excepted, as shown by the indorsement of the judge on the special charge, the notation and authentication are insufficient to constitute an "exception" under the statute.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Exception.]

Appeal from District Court, McLennan County; Geo. N. Denton, Judge.

Action by B. H. Derrick against Webb Thomas and others. Judgment for plaintiff, and defendants Thomas and Friedsam appeal. Affirmed.

G. W. Barcus and Alva Bryan, both of Waco, for appellants.

W. L. Eason, of Waco, for appellee.

BRADY, J. Appellee, B. H. Derrick, instituted this suit against appellants, Webb Thomas and I. W. Friedsam, and one T. O. Westbrook, alleging that by general warranty deed, dated February 11, 1915, John F. Rowe conveyed to Westbrook a certain tract of land in McLennan county, Tex., and that as a

part of the consideration for the said conveyance Westbrook executed to Rowe six negotiable promissory notes of same date as the deed, and due on or before November 1, 1916, 1917, 1918, 1919, 1920, and 1921, respectively. The notes bore interest from date at the rate of 8 per cent. per annum, and provided for 10 per cent. attorney's fees; also containing a clause that the failure to pay any one of said notes, or any installment of interest, should, at the election of the holder, mature all of the notes. The first three notes were for $200 each, the fourth and fifth for $250 each, and the sixth for $240. The vendor's lien was retained in the deed and in the notes to secure the payment of same.

The petition alleged that prior to November 1, 1916, the maturity date of the first note, John F. Rowe, the payee, sold, indorsed, and delivered all of said notes to the plaintiff, Derrick, who at the date of the filing of the petition was the owner and holder of the notes and lien securing same. The petition further alleged that in March, 1915, Westbrook and wife conveyed the land to Friedsam and Thomas, who assumed payment of the notes and agreed to pay the same. Plaintiff further alleged that, at the maturity of the first note, defendants having failed and refused to pay the same, he exercised the option to mature all of the notes, and demanded payment. It was alleged that the notes were placed in the hands of an attorney, W. L. Eason, for collection, and that plaintiff was entitled to recover the attorney's fees specified.

Westbrook made no defense, but Friedsam and Thomas pleaded a general denial, and also that John F. Rowe was the owner and holder of the notes in suit, and that he had extended the time of payment of the first note; that before the expiration of the extension period said defendants tendered to Rowe the amount due on the first note, together with interest. Said defendants claimed that thereby plaintiff was not entitled to declare all of the notes due; that no attorney's fees had accrued, and no interest after the alleged tender; and they asked for judgment over against Rowe, in event they should be held liable to plaintiff. No service was had on Rowe, and he was dismissed from the suit.

The court instructed the jury to return a verdict for plaintiff against all of the defendants for the amount due on all of the notes, with interest and attorney's fees, and for foreclosure of the vendor's lien, and verdict and judgment were rendered accordingly. Upon motion of the appellee, filed in this court, to strike out all of appellants' bills of exception and all assignments of error, this court sustained so much of the motion as related to the bills of exception, and ordered stricken from the record all the bills, but overruled the motion as to the assignments of error.

Appellants' first assignment of error complains of the court's action in peremptorily instructing the jury to return a verdict for plaintiff, because defendants had pleaded an extension agreement with Rowe, who, it is claimed in said assignment, was admittedly the agent of appellee, Derrick, and also because it was pleaded that appellants had made a tender to Rowe of the amount of the first note prior to the institution of the suit, or the placing of the notes in the hands of an attorney for collection. The assignment contends that the testimony made these defenses issues of fact, which appellants were entitled to have the jury pass upon, and that it was error to take these issues from the jury by the peremptory instruction.

Appellee objects to the consideration of this assignment of error, because the specific objections to the court's charge were embodied in a formal bill of exception, which bill was stricken out by the order of this court heretofore referred to. Appellee further objects to the consideration of said assignment because of the alleged insufficiency of the statement under appellants' first proposition.

[1] An inspection of the record shows that appellants objected to the court's charge in peremptorily instructing a verdict for plaintiff, substantially as set forth in said assignment, and the authentication of the judge shows that these objections were presented and overruled, and that appellants excepted to the action of the court before the charge was read to the jury. We consider this a substantial compliance with the statute, and that the assignment is sufficient, independently of the formal bill of exception, which was taken, but stricken out by order of this court. Under the authority of Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184, we hold that no formal bill of exception was necessary, and that the exception above indicated was sufficient to entitle the objections to be considered on appeal. Therefore the appellee's first objection to said assignment is overruled.

[2] As to the second objection to this assignment, the statement under appellants' first proposition is doubtless deficient, in that it seems to be confined to a statement of the pleadings of defendants and the issues sought to be raised, and apparently does not undertake to set out the substance of the evidence bearing on the proposition. However, the statement of facts is not at all voluminous, and, in view of the disposition we shall make of this case, we have decided to overrule the second objection also, and to consider the assignment.

If it should appear from the record in this case that the pleadings and evidence show a valid extension agreement between appel-

lants and appellee, and that before the expiration of the extension period appellants made a legal and sufficient tender to appellee of the amount due upon the first note in controversy, or if an issue of fact was raised by the evidence upon these defenses, it is obvious that the trial court erred in taking the case away from the jury and in peremptorily instructing for the plaintiff. Hence it becomes material to consider what issues were made by the pleadings, and what were the facts proven upon the trial.

First, it should be stated that the claimed agency of John F. Rowe in making the alleged extension agreement was not an issue in the case, because appellants did not plead that Rowe made an extension agreement as agent for the appellee, Derrick; but their answer alleged that the agreement was made with Rowe alone, and that Rowe was himself the owner and holder of the notes at the time of the alleged agreement and tender.

Upon the trial, appellee, B. H. Derrick, testified that he never at any time agreed to an extension of any of the notes in controversy; that he never even promised to meet Mr. Thomas and to discuss the question of extension with him. In this he is supported by the testimony of John F. Rowe. Mr. Derrick further testified that he acquired and became the owner of all the notes early in 1916, not later than March, and this testimony is undisputed. He further testified, without contradiction, that the notes were turned over by him to Mr. W. L. Eason, an attorney, for collection, on November 7, 1916, and it is also an undisputed fact that he had agreed to pay Mr. Eason the attorney's fees provided in the notes. Mr. Derrick further testified that Mr. Rowe did not inform him that he had made any agreement with Mr. Thomas to extend the notes or interest for a few days, and he denied that a tender of any part of the notes was ever made to him by Thomas.

The evidence shows that a notice was sent to appellant Friedsam by the Central Texas Exchange National Bank, dated October 31, 1916, notifying him that the first note would be due November 1, 1916, and requesting attention. Appellant Thomas admitted that he had knowledge of this notice prior to the time that he claimed to have had the alleged extension agreement with Mr. Rowe.

It was also an undisputed fact that on November 8, 1916, W. L. Eason, attorney for appellee, notified appellants, and also T. O. Westbrook, by letter that he held for collection, for account of B. F. Derrick, the owner, the notes in controversy, and also notified them that Mr. Derrick had exercised the option of declaring all the notes due, because of nonpayment of the first.

John F. Rowe testified to the visit of Mr. Thomas to his office on November 8, 1916, and to the request of Mr. Thomas to talk to Mr. Derrick; but he denied that Mr. Derrick had agreed to come to his (Rowe's) office to discuss the matter. He further testified that Mr. Thomas on one occasion did speak to him about trying to get him to carry the note for him for about 10 days, but that he informed Mr. Thomas that the notes belonged to Mr. Derrick and that he had no rights in the matter at all.

The testimony of both Derrick and Rowe wholly fails to show any agreement to extend the notes, or any of them, and is insufficient to even raise an issue upon that question. The testimony of Mr. Rowe shows that appellant Thomas, after he left the office of Rowe on November 8th, undertook to tender Rowe some money, presumably the amount of the first note, which he refused to receive, assigning as his reason that it looked like Thomas wished to put him in the attitude of settling the difference between himself and Derrick.

Appellant Thomas testified as a witness in his own behalf. He stated that prior to November 1, 1916, he had received no notification with reference to the notes, but that on November 6th he called on Mr. Rowe, who refused to accept the interest, and wanted him to take it up with Mr. Derrick; that he called at the bank to pay the notes on November 7th, but that that day was a holiday, and he could not get into the bank; that the following day he was informed by the bank that Mr. Rowe had the notes, and he went to see Rowe about them; that this was the occasion when he had the conversation over the telephone with Mr. Derrick, and when he claimed that Derrick promised to come down to Rowe's office to see him. He admitted that while he was in Mr. Rowe's office on November 8th, waiting for Mr. Derrick, he knew that the notes were in Mr. Eason's hands for collection, and that Mr. Eason's office adjoined Mr. Rowe's office, but that he never went to Mr. Eason's office to see about the notes, nor did he make any attempt to tender the amount of any of the notes to Mr. Eason; that about November 14th or 15th he received the letter of Mr. Eason, demanding payment and advising that all the notes had been declared due, but that he did not thereafter communicate with said attorney. He testified that he offered to pay Mr. Derrick over the telephone from Mr. Rowe's office, and that Mr. Derrick promised to come down, but that he never came.

These are the only witnesses who testified at the trial, and the above are substantially all the facts bearing upon the issues. We have carefully examined the statement of facts, and especially the testimony of appellant Thomas, and we do not find that he ever testified to any extension agreement made with appellee, Derrick; and he testified to no facts which would, in our opinion, raise that issue. Neither do the facts show any agreement to extend the notes

made with the payee and former holder of the notes, John F. Rowe; nor are there any facts or circumstances in the record tending to make that an issue of fact for the jury.

As to the alleged tender, it does appear that appellant Thomas tendered the amount due on the first note, with interest, to John F. Rowe, on November 8, 1916, but at that time Rowe was no longer interested in the notes; they were the property of appellee Derrick and had been placed with his attorney, W. L. Eason, for collection, which fact was known to said appellant.

[3, 4] From the foregoing facts, we conclude that there was no evidence on the trial sufficient to raise an issue of fact to go to the jury, upon either the issue of an agreement to extend the notes or the tender of payment to appellee. Those being the only issues really raised by the pleadings, we are of the opinion that the court properly instructed the jury to find for the plaintiff. The first assignment of error is, therefore, overruled.

[5] The second assignment of error complains of the action of the trial court in failing and refusing to give to the jury appellants' special charge No. 1, which attempted to present the alleged defenses of an extension agreement and tender of payment. Appellants' bill of exception complaining of the court's action in refusing such charge has been stricken out by this court, and the assignment is not supported by any proper bill of exception. The transcript, however, does show that this charge was presented to the court and refused; and the defendant excepted as shown by the indorsement of the judge on the special charge. We do not think the notation and authentication of the judge sufficient to constitute an exception to his action under the statute, and the assignment should not be considered. However, we are of the opinion that the evidence did not raise the issue sought to be submitted in the said special charge requested and refused, for the reasons indicated above in disposing of the first assignment of error; and if the assignment should be considered, we think it without merit, and it is therefore overruled.

Appellants' third assignment of error complains of the trial court's action in failing and refusing to submit to the jury special charge No. 2, requested by appellants. This assignment is in the same situation as the second assignment of error with reference to the bill of exception, and also as to the absence of any evidence whatever to raise the issues sought to be submitted in said special charge. Therefore this assignment is also overruled.

The fourth, fifth, sixth, and seventh assignments of error all complain of the action of the trial court in failing and refusing to prepare and deliver a written charge to the jury, and in giving a peremptory instruction for plaintiff, because it is claimed therein that there were issues of fact made by the evidence under the defenses pleaded by appellants, which were proper to be passed upon by the jury.

In view of the disposition we have made of the first assignment of error, we believe there is no merit in any of the last four assignments. They are controlled by the same rule, and, having concluded that there was no evidence sustaining or raising an issue of fact under any of the defenses pleaded by appellants, the conclusion is compelled that the trial court properly instructed a verdict for plaintiff, and therefore the fourth, fifth, sixth, and seventh assignments of error are also overruled.

Finding no reversible error in the record, the judgment is affirmed.

Affirmed.