**COBB & GREGORY v. LANIER. (No. 8362.)**

(Court of Civil Appeals of Texas. Dallas. April 3, 1920. Rehearing Denied May 8, 1920.)

**1. Appeal and error ⬳294(1) — Rule that judgment must be made to conform to special verdict applied in absence of motion to set aside.**

An assignment of error that the court erred in rendering judgment for appellee because the special verdict upon which the judgment was based was without support in the evidence will be overruled under the rule that it is the duty of the court in cases of special verdict to conform its judgment to the verdict regardless of whether it has support in the evidence, and thereafter either upon its own motion or that of the complaining party set the verdict aside; it not appearing that it was sought to set such verdict aside as being without support in the evidence.

**2. Appeal and error ⬳264—Exceptions not necessary to consideration of submission of special issue where objections filed.**

Submission of a special issue may be reviewed on appeal where objections thereto have been submitted to the court notwithstanding exceptions to the submission of such issue had not been taken in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 1972, declaring that the court's general charge is subject to revision on appeal without formal exceptions.

**3. Appeal and error ⬳1002—Judgment on conflicting evidence not disturbed.**

A verdict based on conflicting evidence will not be disturbed.

Appeal from District Court, Dallas County; Marshall Thomas, Special Judge.

Action by C. C. Lanier against Cobb & Gregory. Judgment for plaintiff, and defendants appeal. Affirmed.

Burgess, Burgess, Chrestman & Brundidge, of Dallas, for appellants.

Harry P. Lawther, of Dallas, for appellee.

RASBURY, J. Appellee sued appellants in the court below for several items of debt, among which was an item of $2,250. Concerning that item, appellee alleged that appellants employed him to assist them in securing from the proper authorities the contract to construct a public highway, culverts, and bridges in road precinct 2 in Hopkins county and to pay him one-half of the net profits realized from the contract as consideration for his services. It was further alleged, in effect, that appellee rendered the services and appellants secured the contract, and had realized a net profit therefrom of $4,500, one-half of which, or $2,250, was due appellee. There was trial to jury, to whom the court referred the issues of fact for special verdict in form of the usual interrogatories. Concerning the item referred to, the jury found in answer to appropriate questions that appellant did, in consideration that appellee would secure, or assist in securing the road contract, agree to pay appellee one-half of the net profits derived therefrom, the amount of such profits which had been paid to appellants being $4,-500, and that appellee had received from appellants $1,400. As indicated, appellee claimed other items, which were submitted to the jury, who found adversely to appellee. On the findings favorable to appellee the court entered judgment for $850, the difference between one-half the net profits of the road contract and the amount received by appellee. From that judgment this appeal is prosecuted.

[1] The substance of the first assignment of error is that the court erred in rendering judgment for appellee for the reason that the special verdict which we have recited and upon which the court based its judgment is without support in the evidence. In answer to the contention appellee invokes the long-settled rule that it is the duty of the court, in cases of special verdicts, to conform its judgment to the verdict, regardless of whether it has support in the evidence, and thereafter, either upon its own motion or that of the complaining party, set the verdict aside. The court did not set the verdict aside, nor did appellee, in its motion for new trial, seek to have it done because without support in the evidence. The contention merely is, as appears by the assignment we have stated, that judgment should not have been entered on the verdict. Such being the state of the record, the rule applies, and the assignment will be overruled. McLemore v. Bickerstaff, 179 S. W. 536. The case cited is selected because of its similarity to the case at bar and the collation of many authorities on the rule.

The second assignment of error complains that the court erred in submitting the seventh special issue, wherein the jury was asked (a) what were the net profits derived by appellant from the road contract, and (b) whether the full contract price had been paid, on the ground that the evidence without dispute disclosed that $539.38 was the net profit collected by appellants, and hence both interrogatories were improper and immaterial. The jury found that the net profits were $4,500.00, which had been paid in full. Appellee in limine objects to a consideration of the assignment, and moves that it be overruled on the ground that no exception was reserved to the action of the court and made a part of the record on appeal. The record discloses that counsel for appellants prepared and signed a series of objections to the various issues prepared by the court, and which he proposed to submit to the jury, and filed same in the case, and among which are the objections to the seventh special issue we are now considering. Indorsed upon the document is the following:

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"Presented before charge and issues were submitted to the jury and overruled. Marshall Thomas, Special Judge," etc.

Concerning the issue thus raised and applicable thereto, our court of last resort has held that the recent amendments of the practice acts did not change or amend that provision of article 1972, Vernon's Sayles' Tex. Civ. Stats., which declares that the court's general charge is subject to revision on appeal without reserving formal bill of exceptions thereto; the only added duty imposed upon litigants by the amendments, so far as relates to the general charge, being that of presenting to the court, before submission of the case to the jury, any and all objections it is thought proper to make to the court's charge and secure some action thereon by the court, failing in which all objections to the charge are waived. Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184. In a very recent case the same court holds that, when the facts are submitted by the court to the jury for special verdict in form of the usual interrogatories, such interrogatories or special issues as they are commonly designated are, within the contemplation of the amended practice acts, the "charge" of the court, and by inference need not be excepted to, but objections thereto must be presented, as in case of ordinary charges on the law of the case, otherwise such issues stand as approved. Electric Ex. & Baggage Co. v. Ablon, 218 S. W. 1030. As we have shown, appellants did present objections to the court to the submission of the seventh special issue before the court submitted the case to the jury, and which objections the court overruled. The record in the case at bar in fact is entirely similar to the record in Dickey's Case, save that in the latter case exception (not a formal bill of exception) was noted in the minute entry to the action of the court in overruling the objections. That was not done in the present case.

[2] We believe, however, that all that is necessary or essential to be done is to prepare and present the objections to the court before submission of the case and have the court act thereon and have such proceedings appear of record in the transcript. In the Dickey Case it was said:

"In other words * * * the change worked in the law is to require that for errors in the general charge to be reviewable on appeal they must be brought to the court's attention before the charge is read to the jury."

We, therefore, conclude that the objection to the assignment should be overruled.

[3] As we have indicated, the objection to the submission of special issue 7 challenged the sufficiency of the evidence to warrant its submission. We have examined the evidence on the two facts found by the jury, that is, the amount of the profits made by appellant on the contract, and whether the contract price had been paid in full by Hopkins county, and we are unable to say that there is a lack of any evidence to support the finding. Because our conclusions may be reviewed in that particular, and because it would otherwise serve no good purpose, we do not set out the evidence, or any portion of it, but content ourselves with the statement that the evidence shows that appellants, after the contract was finished, stated in a letter to appellee that the amount of the net profits was $4,500, of which appellee was entitled to one-half and promised to pay same within a few weeks out of money they expected to receive from another contract with Hopkins county. It is true that appellants' books disclose the net profits to have been $529.38, with a balance of $3,800 unpaid on the contract, though it was also shown that appellants had made no claim against or demand of Hopkins county for such balance. On the other hand, appellee testified that he examined appellants' books, and the profit shown was $4,800. It was practically without dispute that Hopkins county had paid the full contract price of $48,444.44 to appellants, though it may be inferred that it had not paid enough to cover the cost of certain extra work, and the real issue was the amount of the net profits. Obviously, the evidence was conflicting, and as a consequence we are not warranted in disturbing the verdict because without support therein.

The judgment is affirmed.