### SHUMAKER et al. v. BYRD. (No. 5890.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1920.)

**1. Trespass to try title ⚖⇒41(3)—Statement held not to show plaintiff's title to land.**

A statement of facts reciting the introduction of abstracts to establish plaintiff's title is insufficient to show plaintiff's title, where it did not state that three of the instruments referred to purported to convey the land involved nor that the title was recorded in the county where the land was situated, even if an abstract could be used as proof of title.

**2. Pleading ⚖⇒378—General denial requires plaintiff to prove deed under which he claims.**

Where the petition alleged that plaintiff held under a certain deed attached thereto, a general denial requires plaintiff to prove the deed under which he claimed ownership of the land, regardless of a subsequent statement that the deed referred to in the petition was procured by fraud.

**3. Appeal and error ⚖⇒938(4)—Party using diligence can have judgment reversed where court's statement is insufficient to sustain it.**

Where the record shows that appellant has exercised proper diligence to obtain a complete statement of facts, but the parties were unable to agree on the statement, and the statement presented by the court was incomplete and did not contain facts justifying the direction of a verdict, it will not be presumed that a complete statement would have justified the judgment, but appellant is entitled to a reversal.

Appeal from District Court, McLennan County; E. J. Clark, Judge.

Suit by Moses Byrd against Nora Shumaker and others. Judgment for plaintiff on directed verdict, and defendants appeal. Reversed and remanded. Conforming to opinion of Supreme Court (216 S. W. 862).

Tom M. Hamilton and H. C. Lindsey, both of Waco, for appellants.

J. D. Willis, of Waco, for appellee.

KEY, C. J. At a former term of this court, the judgment of the trial court was affirmed. See 203 S. W. 461. As will be seen by the former opinion of this court, we held that, inasmuch as appellants had not filed any objections in the trial court to the action of that court in peremptorily instructing a ver-

dict against them, they had waived their right to complain of that charge on appeal.

The Supreme Court differed with us upon that point, and reversed and remanded the case to this court; the mandate of that court being filed in this court December 1, 1920. 216 S. W. 862.

In conformity with the opinion of the Supreme Court, we have considered the assignments of error, which complain of the action of the trial court in its charge to the jury, and have reached the conclusion that the case should be reversed and remanded.

By peremptorily instructing a verdict for the plaintiff, the trial court assumed that the undisputed testimony showed that the plaintiff was the owner of the land and entitled to recover $104, the rental value thereof. The parties failed to agree upon a statement of facts, and the trial judge made out and filed what purports to be a correct statement of facts, but it fails to show a chain of title extending from the government to the plaintiff for the land in controversy, and also fails to show that the plaintiff and the defendants claimed under a common source of title. The pertinent part of the statement of facts, as prepared by the trial judge, reads as follows:

"(a) The introduction by plaintiff of an abstract of title from J. C. Ashford to Moses Byrd, same being dated December 18, A. D. 1915, and having been filed for record December 20, A. D. 1915, conveying tract of land out of the Tom Williams survey, etc.

"(b) The introduction by plaintiff of an abstract of title, showing title by warranty deed from Maggie Carrington to J. C. Ashford, dated December 13, A. D. 1915, and describing the property claimed in plaintiff's petition.

"(c) Warranty deed from J. C. Ashford to Moses Byrd, same being dated December 18, A. D. 1915, and filed for record December 20, A. D. 1915, conveying tract of land out of the Tom Williams survey, etc.

"(d) Abstract of deed from Maggie Carrington to Nora Shumaker, dated December 20, A. D. 1915, and filed for record December 30, A. D. 1915.

"(e) Introducing Moses Byrd, the plaintiff as witness in said cause, who testified that he was the owner of the property, and that he had purchased same in December, A. D. 1915, and that defendants were in possession of said property at the time of the trial of the cause, and had been in possession since December 23, 1915, and also testifying as to the rental value of said property as being $8 per month for 13 months and 2 days, total rental value of $104."

The land in controversy is described as follows in the plaintiff's petition:

"All that parcel of land lying and being situated in the city of Waco, Tex., in said county, and being a part of the old Tom Williams homestead on Marlboro street; beginning the southeast line of said street at a point about 55 feet southwest from the southwest line of Sixth

street, west corner of Josie Kneeland's lot, thence at right angles with said street southeast 64 feet, thence northeast parallel with said street 55 feet, thence northwest parallel with second call about 64 feet to said line of Marlboro street to place of beginning, the same being number 606 Marlboro street, more particularly described by deed from Maggie Carrington to J. C. Ashford, duly recorded in volume 279, page 665, of the Deed Records of McLennan county, Tex., to which record reference is here made; which said property was purchased from Maggie Carrington by J. C. Ashford by deed dated December 17, 1915, which said deed is filed with the clerk of the court and made a part of plaintiff's pleadings and which property was conveyed to Moses Byrd by J. C. Ashford by deed of date of December 18, 1915, a copy of which deed is filed herewith and made a part of this pleading."

[1] If by agreement or otherwise an abstract may be used as proof of title, it is not made to appear by the statement of facts that the instruments referred to in paragraphs (a), (c), and (e) purported to convey the land involved in this suit; and therefore the statement of facts does not show that the plaintiff had any title to the property sued for, nor does it show that his alleged title was recorded in McLennan county, where the property was situated.

[2] Replying to these objections, appellee's counsel refer to the fact that appellee alleged in his petition that he held under a certain deed, attached to his petition, and that appellants, in their answer, did not specifically deny that fact, but charged that the deed referred to was procured by fraud, thereby, in effect, admitting that appellee had title to the land, unless it was defeated by the facts alleged in appellants' answer.

Appellants filed a general denial, and the interposition of that plea cast the burden upon the plaintiff to prove that he was the owner of the land, regardless of any other facts subsequently stated in defendants' answer. Fowler v. Davenport, 21 Tex. 627.

[3] This case is peculiar in one respect. It is apparent, from an inspection of the statement of facts, that it is incomplete; and it may be, if the documents relied upon by the plaintiff to show title had been set out in full or fully described, his contention would be sustained, and if the defendants had agreed to the statement of facts, they could not be heard to complain on account of its incompleteness. But such is not the case, and appellants are not responsible for the omissions from the statement of facts, and, as we cannot assume that if the omissions had been supplied they would show that the court was justified in assuming that the plaintiff was the owner of the land, we feel it to be our duty to reverse the case. When a record shows that the complaining litigant has exercised proper diligence to obtain a complete statement of facts, and also shows that the purported statement of facts is incomplete, and that the failure to make it complete lies at the door of the trial court, perhaps it should be held that the failure of that court to make a complete statement of facts constitutes fundamental error.

Our conclusion is that the judgment should be reversed and the cause remanded, and it is so ordered.

Reversed and remanded.